[No. 874.   October 2, 1901.]

# TERRITORY OF NEW MEXICO, Appellee, v. NICANOR HERRERA, Appellant.

## SYLLABUS.

1. In a criminal case, where, under one caption, the record recites, "Come again the parties in the above entitled cause and come also the jury . . . hear the remainder of the evidence . . . and after due deliberation return into court their verdict which is . . . And comes now the defendant in his own proper person . . . and gives notice of motion for new trial," it conclusively and affirmatively appears from the record that defendant was present in court when the verdict was rendered by the jury.

2. In such a case, where, by a stipulated record, settled and certified as stipulated and not purporting to be a full and complete transcript of record, it is not made affirmatively to appear either that defendant was present in court at the time an order was made setting said case for trial, or that a legal order of continuance of said case was entered, this court will not presume that from a full and complete transcript of the record it would not affirmatively appear either that defendant was present at the time such order setting the case for trial was made or that a proper order of continuance was entered; the true doctrine, on the contrary, being that in courts of general jurisdiction all the details of the trial are presumed to be regular and sufficient to sustain the judgment until the contrary is shown.

3. In a capital case, it is deemed essential at the common law that defendant be asked by the court before judgment is passed whether he has anything to say why the sentence of the court should not be pronounced upon him, and where it does not affirmatively appear from the certified transcript of a record which purports to set forth the judgment and sentence of the court, that such inquiry was made of the defendant at such time, the judgment will be reversed: But a reversal on the ground of the failure of the trial court to make this inquiry only affects the sentence and judgment, and leaves the verdict and all precedent proceedings in full force and effect.

Appeal from the judgment of the district court of the fourth judicial district of the Territory of New Mexico, within and for the county of San Miguel; before

Justice JOHN R. McFIE, sitting in the absence of Chief Justice W. J. MILLS from the Territory of New Mexico. Remanded.

STATEMENT OF CASE AND OPINION.

The appellant, Nicanor Herrera, was on the twenty-sixth day of November, 1897, in the district court of the fourth judicial district of the Territory of New Mexico, within and for the county of San Miguel, indicted for murder. On November 30, 1897, appellant was arraigned and pleaded not guilty, when it was ordered by the court that the case be set for trial on December 6, 1897. On January 4, 1898, appellant applied to be admitted to bail, which application was granted and his bond fixed at $5,000.00, which was given and approved on January 16, 1898. At a regular term of said court on the twenty-third day of May, 1899, the case was reset for trial on May 29, said order reciting as follows: "(After caption) It is ordered by the court that this cause be and the same hereby is reset for trial May 29, A. D. 1899." On May 29 a jury was empaneled and on June 3, 1899, verdict was rendered, said record reciting: "(After caption) Come again the parties in the above entitled cause and come also the jury heretofore empaneled, hear the remainder of the evidence, arguments of counsel anl instructions of the court, and in charge of two sworn bailiffs retire to deliberate upon their verdict, and after due deliberation return into court their verdict, which is in words and figures following, to-wit: In the district court, fourth judicial district, Territory of New Mexico, county of San Miguel. Territory of New Mexico v. Nicanor Herrera, murder. We the jury find the defendant guilty of murder in the third degree and not guilty of murder in the first or second degrees, Pedro Rivera, Foreman. Comes now the defendant in his own proper person and attended by his counsel Messrs. Veeder & Veeder, and gives notice of a motion for a new trial

. . ." Motion for a new trial was filed on June 22d and on the following day said motion was overruled and the appellant sentenced, said record reciting: "(After caption) Comes now the parties in the above entitled cause, by their respective attorneys, and motion for a new trial having been heretofore filed, the same is now submitted by counsel for both sides without argument; and the court after duly considering the same and being fully advised in the premises, overrules the same, to which defendant excepts. Comes now the plaintiff in the above entitled cause by her district attorney, Hon. Charles A. Spiess, and asks the court for judgment on the verdict heretofore ordered; and thereupon the court fixes the defendant's punishment at imprisonment in the territorial penitentiary for the full period of ten years. It is therefore ordered by the court that the defendant Nicanor Herrera, be confined in the territorial penitentiary at Santa Fe, New Mexico for the full period of ten years and that a warrant for commitment issue herein against him. Comes again the defendant herein by his counsel and gives notice of a motion for an appeal, and the court having heard argument of counsel and being fully advised in the premises grants said appeal." The transcript of the record was filed in this court on December 23, 1899, and included a bill of exceptions which at a former day was stricken from the record, and counsel for appellant now abandon all errors assigned except those to be found in the record proper, apparent on its face.

The objections to the record, as presented by counsel for appellant, are:

"1. That the court erred in receiving the verdict in the absence of the defendant.

"2. That the record is fatally defective because, after the order of November 30th, 1897, setting the cause for trial on December 6th 1897, the record does not show that the cause was continued to a time during that term, or that it was continued by the court on the 6th day of

December or on any other day during the November term, 1897, to the following or any other term, and the record fails to show that any continuance was had in the presence of the defendant.

"3. That the record is fatally defective because it fails to show that defendant was present either in person or by attorney when the indictment was set for trial by the court in its order of May 23rd, 1899.

"4. That the court erred in pronouncing and making the alleged judgment and sentence of June 23rd, 1899, of imprisonment, because the defendant was not asked by the court before sentence if he had anything to say why sentence should not be pronounced upon him.

"5. That the court was without authority and erred in pronouncing the alleged judgment and sentence herein on June 23rd, 1899, and the same is no legal judgment or sentence, because they were pronounced and made in the absence of the defendant: And,

"6. That no legal or sufficient judgment in legal form has ever been pronounced or entered against defendant on the verdict of the jury herein, adjudging the defendant's guilt."

GEORGE P. MONEY and VEEDER & VEEDER for appellant.

"The Supreme Court in appeals or writs of error shall examine the record, and on the facts thereon contained alone shall award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to them shall seem agreeable to law."

Comp. Laws 1897, sec. 3141.
Badeau v. Baca, 2 N. M. 194.
Chavez v. McKnight, 1 N. M. 147.
Territory v. Webb, 2 Id. 147.
Orr v. Hopkins, 3 Id. 142.
Territory v. Hicks, 6 Id. 596.
Territory v. Barrett, 8 Id. 70.

Schofield v. Slaughter, 9 Id. 422.

Haynes v. U. S. 9 Id. 519.

Territory v. Davis, 6 Id. 452.

Territory v. McFarlane, 7 Id. 421.

Curran v. Kendall Shoe Co., 8 Id. 417.

Rogers v. Richards, 8 Id. 658.

D. & R. G. R. Co. v. U. S., 9 N. M. 309.

Under the cited authorities the court here will examine the errors apparent upon the face of the record in this case.

The court erred in receiving the verdict in the absence of the defendant.

1 Bish. New Crim. Pro., sec. 272, 273, citing 16 authorities.

"A leading principle that pervades the entire law of criminal procedure, is that after indictment found nothing shall be done in the absence of the prisoner. While this rule has at times and in the cases of misdemeanors, been somewhat relaxed, yet in felonies it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial."

Lewis v. U. S., 146 U. S. 373.

Territory v. Lopez, 3 N. M. 105.

And it appears well settled that where the personal presence is necessary in point of law, the record must show that fact.

Territory v. Lopez, supra.

Lewis v. U. S., supra.

Dyson v. State, 26 Miss. 362, 383.

His presence can not be presumed.

Lewis v. U. S., supra, citing Ball v. U. S., 140 U. S. 118.

Dyson v. State, supra.

Territory v. Lopez, supra.

The right cannot be waived.

Lewis v. U. S., supra.

Schwab v. Berggren, 143 U. S. 442.

Hopt v. Utah, 110 U. S. 576.

Dyson v. State, supra.

Lovett v. State, 11 South. 172.

French v. State, 55 N. W. 566, and authorities cited therein.

Territory v. Lopez, supra.

That no legal or sufficient judgment in legal form has ever been pronounced or entered on the verdict of the jury herein, adjudging the defendant's guilt.

Ball v. U. S., 140 U. S. 118.

That the court was without authority and erred in pronouncing the alleged judgment and sentence herein on June 23, 1899, and the same is no legal judgment or sentence, because they were pronounced and made in the absence of the defendant.

The record shows this omission very clearly. The recital that the defendant was present by his attorney is not sufficient to show presence.

Territory v. Lopez, supra.

Ball v. U. S. 140 U. S. 118.

Lovett v. State, 11 So. 172.

"At common law no judgment for corporal punishment could be pronounced against a man in his absence."

Ball v. U. S., supra, and cases there cited.

Lewis v. U. S., 146 U. S. 373.

Schwab v. Berggren, 143 U. S. 442.

Hopt v. Utah, 110 U. S. 578.

Territory v. Lopez, 3 N. M. 105.

Dyson v. State, 26 Miss. 362, 383.

French v. State, 55 N. W. 566.

Nor any essential act done affecting him.

Authorities, supra.

"If he be deprived of his life or liberty without being so present, such deprivation would be without that due process of law required by the constitution."

Hopt v. Utah, 110 U. S. 574, 579.

Harris v. People, 22 N. E. 826.

Schwab v. Berggren, 143 U. S. 442.

The court erred in pronouncing the alleged judgment and sentence of June 23, 1899, of imprisonment, because the defendant was not asked by the court before sentence if he had anything to say why sentence should not be pronounced upon him.

At common law "in all capital felonies it was essential that it should appear of record that the defendant was asked before sentence if he had anything to say why it should not be pronounced."

Ball v. U. S., supra.

Schwab v. Berggren, supra.

The privilege was deemed of such substantial value to the accused that the judgment would be reversed if the record did not show that it was accorded to him.

Ball v. U. S., supra.

Schwab v. Berggren, supra, citing 14 cases.

Messner v. People, 45 N. Y. 1, 7.

There are two cases in New Mexico on this question of the allocutus, Territory v. Webb, 2 N. M. 147 and Territory v. Yarberry, 2 N. M. 391. The Yarberry case relates to the necessity of defendant's presence and is not analogous to the case at bar.

The presumption that the defendant was asked if he had anything to say, why the judgment of the law should not now be pronounced against him, can not be indulged, but the fact of allocutus must affirmatively appear on the record or there will be reversal.

Ball v. U. S., supra.

Leroy v. Territory, 41 Pac. 612 (1895).

Lewis v. U. S., supra.

State v. Summerall, 20 So. R. 243 (1896).

Dyson v. State, supra.

Before a court of last resort affirms a judgment of conviction, of at least, an infamous crime, it should appear affirmatively from the record that every step necessary to the validity of the sentence has been taken.

Crain v. U. S., 162 U. S. 625.

The allocutus is an essential prerequisite to an adjudication of the guilt of the prisoner.

Messner v. People, 45 N. Y. 7.

The record is fatally defective, because it fails to show certain continuances had during the November, 1897, term, or that continuance was had to the following or any other term; and it fails to show that any continuance was had in the presence of the defendant.

Coleman v. Commonwealth, 19 So. 161.
Burton v. State, infra.
Territory v. Lopez, supra.

The record is fatally deficient because it fails to show that defendant was present, either in person or by attorney when the cause on the indictment was set for trial by the court in its order of May 23, 1899.

Burton v. State (Ala.), 22 So. 585.
Coleman v. Commonwealth, supra.
Territory v. Lopez, supra.

Referring to the U. S. Supreme Court decisions cited supra, it seems almost unnecessary to cite this court to its own decisions, holding that such decisions are controlling on the territorial courts. Such authorities can be found however in:

Sanchez v. Luna, 1 N. M. 238.
Overland Dis. Co. v. Wedeles, Id. 528.
Herrara v. Chaves, 2 Id. 86.
Montoya v. Donohue, Id. 214.
Luna v. Mohr, 3 Id. 63.
Alexander v. Min. Co., Id. 255.
Laughlin v. Co. Com'rs, Id. 420.
Grant v. Jaramillo, 6 Id. 313.
Bell v. Skillicorn, Id. 399.
Perea v. Bank, Id. 1.
Atchison, etc. R. Co. v. Martin 7 Id. 158.
Territory v. Edie, Id. 183.
Cortesy v. Territory, Id. 89.
U. S. Trust Co. v. Territory, 8 Id. 673.

Schofield v. Am. Valley Co., 9 Id. 485.
Givens v. Veeder, Id. 409.

HON. E. L. BARTLETT, Solicitor General, for the appellee.

*The first error complained of* by appellant is "that the verdict was received in the absence of the defendant" and that his presence on receiving the verdict was something that could not be waived. This objection is not founded in fact, for at page 9 the record recites that on Saturday, June 3rd, the following among other proceedings were had: ·

"Come again the parties in the above entitled cause; and come also the jury heretofore empaneled . . . and after due deliberation return into court their verdict, which is in words and figures as follows. . . . Comes now the defendant in his own proper person, and attended by his counsel, and gives notice of a motion for a new trial," etc., showing conclusively that the defendant was present when the verdict was returned.

The next objections are, "that no legal or sufficient judgment has been pronounced or entered on the verdict and that the alleged judgment and sentence were not legal. That they were pronounced and made in the absence of the defendant." The record nowhere shows this to be a fact.

It is an established rule in criminal cases as well as in civil cases that the appellate tribunal will indulge all reasonable presumptions in favor of the legality and regularity of the proceedings of the trial court.

Elliott, Appellate Procedure, sec. 291, and cases cited.

2 Ency. Pl. and Pr., 428 and note.

Id. 498-9.

"All parts of the record are to be interpreted together, effect to be given to all if possible, and a de-

ficiency at one place, may be supplied by what appears
in another."

   Pointer v. U. S., 151 U. S. 419.

   1 Bishop, Criminal Procedure, sec. 1348.

   Territory v. Webb, 2 N. M. 159.

   Territory v. Yarberry, 2 N. M. 458.

All errors occurring at the trial must be pointed
out on motion for new trial.

   Padella v. Territory, 8 N. M. 562-4.

   Territory v. Lermo, Id. 566.

   Archibeque v. Territory, 9 N. M. 582.

   Chaves v. Territory, Id. 282.

As a general rule defects in the record of the lower
court can not be taken advantage of by a motion in ar-
rest of judgment in the Superior Court on appeal.

   2 Ency. Pl. & Pr., 794-5 and notes.

   2 Ency. Pl. & Pr., 498.

   2 Ency. Pl. & Pr., 500.

The presumption of regularity requires the affirm-
ation of the judgment, where a fact is omitted which
is essential to establish error.   Id.  513.

   Territory v. Webb, supra, 157.

   1 Bishop Crim. Procedure, sec. 1293.

   Borrego v. Territory, 8 N. M. 488.

   United States v. Gale, 109 U. S. 69.

See also as indirectly supporting the contention of
the appellee—

   Ball v. U. S., 140 U. S. 129-132-133.

   Lewis v. U. S., 146 U. S. 375.

Hon. E. L. Bartlett, Solicitor General, on motion
of the appellee to strike out the bill of exceptions, be-
cause not signed by the judge who presided at the trial,
cited the following authorities:

   3 Ency. Pl. & Pr., 442.

   Hyde v. Thornton, 83 Cal. 83.

   Gunderson v. Sirborn, 31 Ill. App. 612.

   People v. Anthony, 25 Ill. App. 532.

   3 Ency. Pl. & Pr., 378 and note 1.   Also 446·

447-452 and cases cited in note.   Id.  453.

Compiled Laws of N. M. 1897, sec. 898.   Also sec. 892.

R. D. Railroad Co. v. McGee, 8 Cir. Ct. App. 87.

Snead v. Tietgen, 24 Pac. 325.

1 Bishop, Crim. Procedure, secs. 1362-1371.

Opposing such motion, George P. Money and Veeder & Veeder cited the following:

Haynes v. U. S., 56 Pac. 282.

Ex parte Parker, 131 U. S. 225.

David v. Bradley, 79 Ill. 316.

Hanna v. Maas, 122 U. S. 26.

The judge who settled the bill could call upon witnesses, bystanders, and resort to other available means for determining the truth of the proposed record.

People v. Anthony, 129 Ill. 222.

People v. Williams, 91 Ill. 91.

People v. Gray, 105 Ind. 264.

Kesler v. Miers, 41 Ind. 546.

Stewart v. Rankin, 39 Ind. 164.

3 Ency. Pl. & Pr., 449.

Bahnsen v. Gilbert, 56 N. W. 1117 (1893).

The reason for the old rule has passed away, hence the rule is without force.

Beardsley v. City of Hartford, 50 Conn. 542. 108 U. S. 3.

Bahnsen v. Gilbert, 56 N. W. 1117, supra.

Stipulation of district attorney, in the presence of the judge, appearing on the record, amounts to an estoppel, or at least a waiver of further objection.

S. v. Gaslin, 49 N. W. 353.

Railroad Co. v. Redick, 14 Neb. 55; 14 N. W. 665.

Cheney v. Cooper, 14 Neb. 414, 16 N. W. 433.

Parker v. Kuhn, 19 Neb. 394, 27 N. W. 399.

Re Cheauteaugay Ore & Iron Co., 127 U. S. 544.

Farnsworth v. Coquillard, 22 Ind. 453.
Kesler v. Mier, 41 Ind. 546.
Stewart v. Rankin, 39 Ind. 164.
David v. Bradley, 79 Ill. 316.

OPINION OF THE COURT.

CRUMPACKER, J.—As to the first objection urged we deem it sufficient to say that a reference to the transcript of the record of the return of the verdict (fully set forth in the statement of the case) shows conclusively and affirmatively that appellant was present in court when the verdict was rendered by the jury.

The second and third objections present questions which this court can not determine upon the record before us. As appears from the transcript of the record the "defendant proposed the following record upon which the judgment of the district court may be reviewed," and thereafter it was "stipulated by the district attorney and the defendant's attorney that the foregoing proposed record and bill of exceptions may be settled as the record on which the judgment in said court may be reviewed by the Supreme Court," upon which the judge settled the bill of exceptions, reciting "upon the foregoing stipulation, the foregoing record and bill of exceptions are settled, signed and sealed as those upon which the said case may be heard in the Supreme Court" and thereupon the clerk certified "that the above and foregoing contains a true and perfect transcript of the record and proceedings and bill of exceptions as signed by the judge of said court. . . ." The transcript neither purports to be, nor from a careful inspection of it can we declare it to be in fact a full, true and complete transcript of the record in the case. Because these alleged errors are not shown by this record to have been brought to the attention of the trial court by motion in arrest of judgment, or in any other man-

ner, the question might arise as to whether they may be
presented here at all for the first time; but however that
may be, certainly upon such a state of facts it may not
be urged that the Territory is estopped from complaining
of the incompleteness of the record by reason of its stip-
ulation for a record when such stipulation was not made
in view of any of the objections here presented.   With-
out here  determining  the  character  of  "the record"
which is to be certified to the Supreme Court by the clerk
of the district court pursuant to the statutes (sections
3413 and 3414, C. L. of N. M. 1897) it is plain that upon
a certification not purporting to be of the entire record
this court can not presume that a full and complete
transcript of the record would fail to show a proper con-
tinuance of the case after November 30, 1897, to some
other day in that regular  term  or  to  some  day  in
the next regular term of the court.   It is well known to
be the settled practice of the district courts in New Mex-
ico at the close of each regular term to make a general
order of continuance of all causes, matters and motions
not otherwise disposed of until the next regular term  of
the court; and if such an order was necessary in this
case, can this court upon this record determine that such
an order was not entered?  Clearly not.  Nor upon
such a record can we conclude, as urged by counsel for
appellant, that because the order setting the case for
trial on May 23, 1899, fails to show the presence of the
defendant or his attorney, that the record is fatally de-
fective for that reason.   By the full and complete record
might it not have been made to appear by some other
order entered in the case on the same day or at some
other time that the defendant was personally present in
court when said order or a like order was made?  The in-
ference that he was not present can not be drawn from
the record before us.   All parts of the record are to be
interpreted together, effect to be given to all if possible,
and a deficiency at one place may be supplied by what
appears at another.   Pointer v. U. S., 151 U. S. 419.

Upon this certification of a stipulated record, all parts of the record are not before us for interpretation, and this court is therefore unable to determine whether the facts are as they are alleged to be by counsel for appellant.

Upon this record, certified by the clerk as signed by the judge of the court, signed by the judge as stipulated by counsel, and stipulated by counsel as proposed by the defendant, we are asked to presume that the defendant was not present at a time during his trial when it is alleged his presence was essential to its regularity, and to presume that no legal order of continuance was ever entered. We do not here decide whether his presence at the time the case is alleged to have been set for trial was essential nor whether the entry of the continuance as shown by this record is insufficient, since we think the contrary doctrine to the one here urged is the true one; that in a court of general jurisdiction all the details of the trial are presumed to be regular and sufficient to sustain the judgment until the contrary is shown. Yarberry v. Territory, 2 N. M. 458; Territory v. Webb, 2 N. M. p. 159. And as to the second and third errors above set forth we conclude that the contrary is not shown by this record now under examination, and we find the judgment is not for these reasons illegal.

The fourth objection based upon the failure of the record to show that the defendant was asked by the court before judgment was passed whether he had any thing to say why the sentence of the court should not be passed upon him, raises a more serious question. It was stipulated that the record of the sentence and judgment of the court should be incorporated in the transcript of the record, and so much being actually certified in this stipulated record, the transcript thereof will be regarded as thus far full and complete; nor can it be said here that the appellant might have presented this alleged failure of the trial court in its duty to make the usual inquiry of the defendant, by mo-

tion in arrest, since one of the objects of the privilege of allocutus is that the prisoner must have an opportunity to allege any further ground in arrest. At common law it was deemed essential in capital cases that this inquiry be made of the defendant before sentence, thus giving him an opportunity to allege any ground in arrest, or to plead a pardon if he had obtained one, or to urge any legal objections to any further proceedings against him, and that the defendant might be identified by the court as the real party adjudged to be guilty. This privilege was deemed to be of such substantial value to the accused that the judgment would be reversed if the record did not affirmatively show that it was accorded to him. Ball v. U. S., 140 U. S. p. 118; Schwab v. Bergren, 143 U. S. p. 442; Crain v. U. S. 162 U. S. p. 625; Wharton's Crim. Plead. & Prac., sec. 906. The test as to what shall be deemed a capital case is the punishment which may be imposed under the statute and not the punishment which is imposed. (Fitzpatrick v. U. S., 178 U. S. p. 307) and the punishment which might be inflicted under the New Mexico statute being death this case, although the attempted sentence was for a term of years, the statutory limit of the third degree of murder of which accused was found guilty by the jury, is clearly a capital case and the practice of allowing allocutus not having been dispensed with by statute in New Mexico the common law rule prevails. Sec. 3422, Compiled Laws of N. M. 1897. It is contended by appellee that what is said by the Supreme Court of the United States in the above cited cases upon the necessity of the record showing affirmatively that allocutus was allowed is *obiter dicta,* and therefore not binding upon this court; but if the reasoning of that court in this regard should be so interpreted, still we are constrained to regard its dicta on the question here involved as sound in principle, and as said in the case of Ball v. United States, supra, the question is settled as there laid down "by the great weight of authority." We

are especially constrained to so regard these expressions of opinion of that court in view of the possibility that this question may be reviewable in the Supreme Court of the United States by proceedings in *habeas corpus.* Owing to the failure of the trial court to make inquiry of the defendant before judgment was passed whether he had anything to say why judgment should not be pronounced upon him, or what is tantamount thereto, to have the record affirmatively show that fact, the cause must be remanded; but as no error was committed during the trial of the case up to the time of the rendition of judgment, which relates to a part of the case which comes after verdict, the cause will be remanded upon that ground only, and the trial court directed to enter judgment and sentence upon the verdict rendered, having the prisoner before the court at the time and inquiring before pronouncing judgment if he has anything to say why it should not be pronounced.    United States v. Ball, 140 U. S. pp. 118, 133; State v. McClain, 38 N. W. 906; 137 Mo. 307; State v. McClain, 56 N. W. 751; Jewell v. Comm., 22 Pa. St. 94; McCue v. Comm., 78 Pa. St. 185; State v. Snyder, 98 Mo. 555.

The view above expressed disposes of the fifth and sixth errors assigned.

The cause therefore will be remanded with directions to the court below to proceed as indicated in this opinion.

Parker and McMillan, JJ., concur.

Chief Justice Mills having tried the case and Justice McFie being disqualified did not sit in this case.