[No. 3355.   Jan. 22, 1930.]

STATE v. JONES.

[285 Pac. 501.]

E. P. Davies, of Santa Fe, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON, J.

Appellant pleaded guilty to an information charging that she took, stole, and carried away a dress of the value of twenty dollars from a certain store, and was sentenced to the penitentiary for a term of not less than three nor more than five years.  She here relies upon four propositions which we shall consider in order.

■ She contends that, under Code 1915, §§ 1525 and 1529, the indictment was for a misdemeanor only, punishable by a term of not more than three months in the county jail. She overlooks section 1531, under which the sentence imposed seems to be correct.

■ She contends that the indictment, failing to employ the word "feloniously," was fatally deficient as the basis for a conviction and sentence for felony. In Territory v. Gonzales, 14 N. M. 31, 89 P. 250, the Territorial Supreme Court held at least argumentatively, and laid it down in the syllabus, that the use of the word "feloniously" was unnecessary in the indictment, unless it appeared in the statute under which the charge was laid. If it be suggested that that decision is not controlling, it at least forecasts such a holding now that we are operating under the liberal provisions of Laws 1925, c. 145, prescribing the requisites and the sufficiency of informations. The contention is overruled.

■ The information was verified by the district attorney before the clerk of the court. It is contended that the verification is void because the clerk of the court had no authority to administer oaths. If there be any merit in this contention, which we do not decide, it is without merit when first raised on appeal. State v. Trujillo, 33 N. M. 370, 266 P. 922; State v. Martinez, 34 N. M. 112, 278 P. 210.

■ It is finally contended that appellant was deprived of due process of law because she had no counsel, the allocutus was omitted, the names of the witnesses were not indorsed upon the information, and that the sentence was excessive, cruel, and unusual.

The only one of these matters relied upon independently is the failure of the district attorney to indorse the names of the witnesses. It is suggested that Laws 1925, c. 145, § 2, seems to make this mandatory. No authority is cited. This is a common statutory provision. Its purpose is well understood. We know of no good reason and of no authority for holding that the failure to observe it will be available as error where no witnesses were employed by the state and the accused has pleaded guilty.

■ It is admitted that the omission of the allocutus is not of itself fatal. U. S. v. Sena, 15 N. M. 203, 106 P. 383. It is suggested, however, that it should be considered in connection with the fact that appellant had no counsel. However persuasive the contention might be on a motion to withdraw the plea and vacate the judgment, we do not see how, on appeal, error can be predicated upon it.

The judgment will accordingly be affirmed and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.