647 P.2d 415

**Joe Glen TOMLINSON, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 14149.**

Supreme Court of New Mexico.

June 29, 1982.

John Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, Grant Foutz, Trial Counsel, Gallup, for petitioner.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION

EASLEY, Chief Justice

Tomlinson was convicted of three counts of kidnapping and one count of robbery. After receiving the verdict from the jury, the trial judge immediately sentenced Tomlinson to four ten year terms to be served concurrently. The Court of Appeals affirmed, but we reverse.

The question before us is whether under Section 31–18–15.1, N.M.S.A.1978 (Repl. Pamp.1981), a trial judge is required to hold a sentencing hearing, allowing the defendant an opportunity to be heard before the sentence is imposed.

After receiving the jury's verdict, the trial judge immediately proceeded to sentence Tomlinson. The trial judge said:

All right, will the defendant approach the bench?

The jury has found you guilty of three counts of kidnapping and three counts— or one count of armed robbery. The jury has found that a firearm was used in the commission of each of the offenses that were alleged in the information filed in this case by the State of New Mexico.

Ordinarily this Court would conduct a sentencing hearing in which evidence would be presented to the Court to show aggravation or mitigation of circumstances that would justify the Court in either increasing the sentence that might be imposed in this case by one third or by reducing the sentence that might be imposed in this case by one third depending on whether the circumstances were aggravating or mitigating.

The Court has the opportunity along with the jury to listen to the evidence that has been presented in this case, and the Court concurs in the verdict of the jury.

Since this offense, this kidnapping offense, is a second degree felony, because the victims were released unharmed is one mitigating circumstance that the Court can take into consideration.

In addition to that there is a mitigating circumstance, I suppose, of your age. And since this is your first offense, the Court is going to take that into consideration. However, the nature of the offense does not indicate any reason for the Court to defer the imposition of the sentence because of the gravity of the offense and the way in which the offense was committed.

The trial judge sentenced Tomlinson before giving him an opportunity to speak.

The Court of Appeals held that the language in Section 31–18–15.1 is mandatory and thus requires a sentencing hearing, but that in the context of this case, since the trial judge heard all of the evidence, including mitigating circumstances, there was substantial compliance with the statute.

Historically, when a defendant was convicted of a capital offense, when he was not allowed the benefit of counsel, and when he could not present evidence on his own behalf, the common law doctrine of allocutus provided the defendant an opportunity to speak on why the sentence of death should not be imposed. *R. v. Rear* [1975] 2 All E.R. 268; *accord*, 9 Halsbury's Laws of England ¶¶ 734 and 735 (1st ed. 1909); *see Ball v. United States*, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377 (1891); *Fielden v. People*, 128 Ill. 595, 21 N.E. 584 (1889).

In the territorial days of New Mexico, the Court deemed the common law doctrine of allocutus essential in capital cases. *Territory v. Herrera*, 11 N.M. 129, 66 P. 523 (1901); *U. S. v. Sena*, 15 N.M. 187, 106 P. 383 (1909). After statehood, the Court still limited allocutus to capital offenses. *State v. Jones*, 34 N.M. 499, 285 P. 501 (1930). When allocutus was not afforded to the defendant, the proper remedy was to remand the case and let the defendant speak. *State v. Ybarra*, 24 N.M. 413, 174 P. 212 (1918).

Our examination of other jurisdictions reveals that the common law doctrine of allocutus is promulgated either by statute or by rule. *E.g.*, Alaska R.Crim.P. 32(a); Calif. Penal Code § 1200 (West 1970); Colo.R. Crim.P. 32(b), Md.R. 772(c); Minn.R.Crim.P. 27.03(3); N.Y.Crim.Pro.Law § 380.50 (Consol.1979); *see also*, Fed.Crim.P. 32(a). These statutes or rules have expanded the common law doctrine of allocutus to non-capital offenses.

It is against this background that we interpret Section 31–18–15.1. The relevant portion of that statute reads:

A. The court *shall* hold a sentencing hearing to determine if mitigating or aggravating circumstances exist and take whatever evidence or statements it deems will aid it in reaching a decision. The court may alter the basic sentence as prescribed in Section 31–18–15 NMSA 1978 upon a finding by the judge of any mitigating or aggravating circumstances surrounding the offense or concerning the offender. [Emphasis added.]

■ We must presume that the Legislature was aware of the common law doctrine

of allocutus when it enacted Section 31–18–15.1. *See Bettini v. City of Las Cruces*, 82 N.M. 633, 485 P.2d 967 (1971). "Statutes in derogation of the common law must be strictly construed." *State ex rel. Miera v. Chavez*, 70 N.M. 289, 291, 373 P.2d 533, 534 (1962) (citation omitted). "Shall" will be given its mandatory meaning, unless there are indications in the statute that the mandatory reading is repugnant to the manifest intent of the Legislature. *Security Trust v. Smith*, 93 N.M. 35, 596 P.2d 248 (1979).

 In *Wright v. State*, 24 Md.App. 309, 330 A.2d 482 (1975), *cert. denied*, April 7, 1975, court held that the Maryland rule providing for allocutus is mandatory because of the word "shall". Likewise, in *Mohn v. State*, 584 P.2d 40 (Alaska 1978), the court relied on the word "shall" and held that the Alaska rule requires allocutus. The Colorado Supreme Court also interprets "shall" as mandatory in allocutus. *Erickson v. City and County of Denver*, 179 Colo. 412, 500 P.2d 1183 (1972). We therefore hold that a sentencing hearing is required.

The State contends that even if allocutus is mandated by our statute, failure to permit the defendant to speak before sentence is imposed is harmless error. Although the trial judge did give the defendant and his counsel the right to speak *after* the sentence was imposed, this was no more than an empty gesture. *See State ex rel. Krahn v. Tahash*, 274 Minn. 567, 144 N.W.2d 262 (1966). "[T]here is no substitute for the impact on sentencing which a defendant's own words might have if he chooses to make a statement." *Mohn v. State, supra,* at 44.

A defendant must be notified when sentence will be pronounced, and has a right to be present in the court with legal counsel at that time. He has a right of allocution before sentence is handed down which cannot be withheld from him. Failure of the court to properly insure these rights of a defendant renders invalid a sentence pronounced under those circumstances. [citations omitted] *People v. Emig*, 177 Colo. 174, 493 P.2d 368, 369–70 (1972).

 We hold that Section 31–18–15.1 extends the common law doctrine of allocutus to non-capital felonies as enumerated in Section 31–18–15 and that the trial judge must give the defendant an opportunity to speak *before* he pronounces sentence. Failure to do so renders the sentence invalid.

The case is remanded for new sentencing in accordance with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI and RIORDAN, JJ., concur.

PAYNE, J., respectfully dissents and adopts the opinion of the Court of Appeals.