This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                          **NO. 28,542**

**RICHARD CONTRERAS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant's main issue on appeal is that his right to allocution was violated because he was not given an opportunity to address the court at a resentencing hearing before sentence was imposed. He also contends that he received ineffective assistance of counsel. Finally, Defendant objects that he was not allowed to present mitigating evidence at the resentencing proceeding, that sentence was not imposed in open court, and that he was removed from the court during the proceeding. We hold that Defendant's right of allocution was violated, vacate the sentence imposed, and remand for resentencing. Accordingly, we need not reach Defendant's other claims of error.

## I.    BACKGROUND

Defendant was convicted in 2003 of trafficking by distribution, conspiracy to commit trafficking, and possession of a controlled substance. Defendant was sentenced to twenty-six years and six months of incarceration and two years of supervised parole. This sentence involved an habitual offender enhancement.

Defendant appealed his sentence to this Court on various grounds including that there was insufficient evidence to support the habitual offender enhancement. *See State v. Contreras*, 2007-NMCA-045, 141 N.M. 434, 156 P.3d 725. We agreed that the evidence was insufficient to support the sentence enhancement, rejected the remainder of Defendant's arguments, and remanded Defendant's case for resentencing. *Id.* ¶¶ 17, 32.

2

At the resentencing hearing in February 2008, the parties argued for two different outcomes. Defendant asked the district court to leave the existing sentence in place and alter it in order to bring the sentence into compliance with this Court's opinion. The State asked the court to vacate the previous sentence, reconsider whether Defendant's sentences on the various charges should run concurrently or consecutively, and impose an entirely new sentence maximizing the amount of time Defendant would be incarcerated. While presenting his position on this dispute, counsel for Defendant informed the district court that Defendant wished to speak.

The district court determined that it would leave the existing sentence in place and modify that sentence as required by this Court's opinion. *Id.* ¶¶ 17, 32. After explaining why it agreed with Defendant's request, the court issued its sentencing determination and informed Defendant that he was "better off really not addressing that issue." The district court added that its decision "works what you want." The Court further informed Defendant that "if you have anything you want to say, you, you talk to [defense counsel] first, and if he wants to reconvene the hearing, then I'll do that. It wouldn't be my advice to have you do that." The court then recessed.

After a period of about twenty seconds, counsel for Defendant requested a bench conference. At that conference, defense counsel explained that Defendant wanted to "bring up issues that were left at trial" that were "not relevant today." The

3

district court informed defense counsel that he needed to ensure that Defendant understood that a habeas corpus proceeding was the appropriate venue to raise those matters. The court further explained that, given the court's recollection of Defendant, counsel would be ill-advised to allow Defendant to "talk to the court." Immediately thereafter, the resentencing proceeding concluded.

## II.    DISCUSSION

Defendant's primary argument on appeal is that his right to allocute was violated and the sentence imposed at resentencing was invalid. "Generally, we review a trial court's sentencing determination for abuse of discretion. However, we review de novo any question regarding the legality of the sentence." *State v. King*, 2007-NMCA-130, ¶ 4, 142 N.M. 699, 168 P.3d 1123 (citation omitted).

NMSA 1978, Section 31-18-15.1 (1993) (amended 2009) "extends the common law doctrine of allocutus to non-capital felonies." *Tomlinson v. State*, 98 N.M. 213, 215, 647 P.2d 415, 417 (1982). "Allocution is defined as the formal inquiry or demand made by the court or clerk to [the] accused at the time for pronouncing sentence as to whether [the] accused has anything to say why sentence should not be pronounced on him." *State v. Setser*, 1997-NMSC-004, ¶ 20, 122 N.M. 794, 932 P.2d 484 (filed 1996) (internal quotation marks and citation omitted). Thus, "in cases involving felony convictions, the trial judge must give the defendant an opportunity

4

to speak *before* he pronounces sentence. Failure to do so renders the sentence invalid." *Id.* (internal quotation marks and citation omitted). A sentence that is invalid because it was issued in violation of the right of allocution must be vacated and the cause remanded for a new sentencing hearing wherein the defendant is allowed to exercise the right. *See State v. Herrera*, 102 N.M. 254, 260, 694 P.2d 510, 516 (1985).

Defendant argues that he was not allowed an opportunity to speak before the district court announced the sentence. The record confirms this assertion. The district court issued its sentencing determination without addressing Defendant's indication that he wished to speak on the subject. After the sentencing determination was made, the district court informed Defendant that he could speak but advised him against doing so. Our case law holds that this is "no more than an empty gesture." *Tomlinson*, 98 N.M. at 215, 647 P.2d at 417. We conclude that Defendant was denied the right of allocution.

We are not persuaded by the State's arguments that Defendant's right to allocution was not violated. The State asserts that Defendant waived his right to allocution at the resentencing hearing because he waived the right at the original sentencing hearing. The State also more broadly argues that the right of allocution does not extend to resentencing proceedings where a sentence is modified or amended,

but extends only to proceedings where a sentence is imposed for the first time. We are unaware of any authority which supports either argument, and the State has failed to cite any such authority. Accordingly, we reject these contentions and decline to address them further. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (declining to review arguments for which no supporting authority is cited and assuming no such authority exists).

The State next argues that Defendant either waived or failed to preserve his claim that he was denied the right of allocution because defense counsel never asked the district court to reconvene the resentencing hearing. Neither preservation nor waiver are an issue here. As described above, the "trial judge *must* give the defendant an opportunity to speak *before* he pronounces sentence." *Setser*, 1997-NMSC-004, ¶ 20 (first emphasis added) (internal quotation marks and citation omitted). The district court rendered its sentencing determination before allowing Defendant an opportunity to speak.

Finally, the State argues that, even if the district court denied Defendant his right of allocution, the error was harmless. The State concedes that our case law does not appear to support application of the harmless error review to an allocution violation. The State's concession is appropriate. *See Tomlinson*, 98 N.M. at 215, 647 P.2d at 417 (rejecting the state's argument that an allocution violation is a harmless

6

error and stating that there is "no substitute for the impact on sentencing which a defendant's own words might have if he chooses to make a statement" (internal quotation marks and citation omitted)); *see also State v. Leyba*, 2009-NMCA-030, ¶ 27, 145 N.M. 712, 204 P.3d 37 (filed 2008) (observing the "fundamental due process underpinnings of" the right of allocution and that "the opportunity to personally address the sentencer retains both symbolic and practical significance [and i]t may increase for some defendants the perceived equity of the process" (internal quotation marks and citation omitted)). We are unpersuaded the harmless error standard is applicable here.

We hold that Defendant was denied the right of allocution. Defendant's sentence must be vacated, and the case remanded for a resentencing hearing in which Defendant is permitted to exercise the right to allocution if he so desires.

Defendant's remaining claims, submitted pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), are all based on what occurred during the resentencing hearing. Because Defendant will now have another resentencing hearing, we need not address these claims.

**C.     CONCLUSION**

Defendant's sentence is vacated. The matter is remanded for resentencing and

Defendant shall be given the right to allocute.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**