This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41318**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PHILLIP LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Court Judge**

Raúl Torrez, Attorney General
Benjamin L. Lammons, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse and remand for resentencing for the following reasons.

**{2}** Defendant appeals from his conviction for possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23 (2019, amended 2021). [RP 184] Defendant raises two issues: (1) he was denied the right to allocute during the sentencing hearing [BIC 11]; and (2) his sentence constitutes cruel and unusual punishment. [BIC 4] We reverse based on the first issue and decline to address the second.

**DISCUSSION**

**{3}** Defendant asserts that the district court violated his right to allocution because he was never informed of his right of allocution and because the district court never gave him an opportunity to speak. [BIC 11-14] The State concedes that Defendant was not given an opportunity to speak before the district court pronounced his sentence and that the case should be remanded for resentencing so that Defendant may meaningfully participate in the sentencing process. [AB 29] While we are not required to accept the State's concession, we accept it under the facts of this case as supported by our precedent. *See, e.g.*, *State v. Montoya*, 2015-NMSC-010, ¶ 58, 345 P.3d 1056 (agreeing with the state's concession that the defendant was entitled to present mitigating circumstances prior to sentencing while noting that such concessions are not binding on appellate courts).

**{4}** During the sentencing hearing in this case, the State filed a supplemental habitual offender information, alleging Defendant had a previous conviction. Defendant admitted the allegations. [BIC 2; AB 4] Defense counsel then presented argument, noting that Defendant had the support of his family and that they were present to address the district court. [BIC 2] The district court then proceeded to pronounce Defendant's sentence. [BIC 3] The district court did not invite Defendant's family to speak or provide Defendant with an opportunity to address the court. [Id.; AB 4]

**{5}** Allocution provides "an avenue through which a defendant may ask for mercy based on factors that might not otherwise be brought to the court's attention, and promot[es] safety, certainty and equity in sentencing and the judicial process overall." *State v. Williams*, 2021-NMCA-021, ¶ 9, 489 P.3d 949 (internal quotation marks and citation omitted). "Even where a defendant's statements can have little or no practical impact on the sentence—such as where the court must apply habitual offender enhancements—allocution is still required and serves a meaningful purpose." *State v. Wing*, 2022-NMCA-016, ¶ 22, 505 P.3d 905; *see Tomlinson v. State*, 1982-NMSC-074, ¶ 11, 98 N.M. 213, 647 P.2d 415 ("There is no substitute for the impact on sentencing which a defendant's own words might have if [they] choose to make a statement." (alteration, internal quotation marks, and citation omitted)). Where a defendant's right to allocution is violated, the sentence is rendered is invalid, and the remedy is reversal. *See Wing*, 2022-NMCA-016, ¶ 22; *Tomlinson*, 1982-NMSC-074, ¶ 12; *see also Williams*, 2021-NMCA-021, ¶ 14 ("It is the duty of the court to inform a defendant of [their] right to allocution, and when, as in this case, the district court does not fulfill this duty, the sentence is invalid.").

**CONCLUSION**

**{6}** As discussed above, the parties do not dispute that Defendant's right to allocution was violated; our review of the record confirms that the district court violated Defendant's allocution right. Defendant's sentence in this case is therefore invalid, and we reverse and remand for a new sentencing hearing. Because we reverse and remand for resentencing, we decline to address Defendant's assertion that his sentence is a violation of the constitutional prohibition against cruel and unusual punishment. *See State v. Jose S.*, 2007-NMCA-146, ¶ 23, 142 N.M. 829 (reversing and remanding for resentencing pursuant to the procedures identified in the opinion and declining to address remaining sentencing arguments).

**{7}** For the foregoing reasons, we reverse Defendant's sentence and remand for resentencing.

**{8}** **IT IS SO ORDERED.**

**JANE B. YOHLALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JENNIFER L. ATTREP, Judge**