The State v. Burns.

THE STATE v. BURNS, *Appellant.*

1. **Practice, Criminal**: JUROR: CAUSE OF CHALLENGE. The expression of, or the existence of bias, or prejudice, against crime, constitutes no cause of challenge of a juror.

2. —— : —— : —— : WAIVER. A defendant who hears expressions of prejudice against himself by a juror, constituting any ground of objection, and who fails to communicate them to his counsel, so that proper steps can be taken, is guilty of inexcusable negligence.

3. **Presumption** : BURDEN OF PROOF. Every presumption attends the acts and doings of a court of general jurisdiction, and a party who asserts that error has been committed, must prove it.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Sidney F. Andrews* for appellant.

(1) On the trial of this cause defendant was entitled to a panel of thirty-four competent and qualified jurors, from which to select the trial jury, or from which to make his peremptory challenges. R. S., sec. 1903; *State v. Waters*, 62 Mo. 196; *State v. Davis*, 66 Mo. 684; *State v. McCarron*, 51 Mo. 27. (2) Charles Tacke, one

of the members of the panel from which the jury who tried the cause was selected, was an incompetent juror, and disqualified from sitting on said panel. R. S., sec. 1897; *State v. Burnside*, 37 Mo, 343; *State v. Wyatt*, 50 Mo. 309; *State v. Taylor*, 64 Mo. 358. (3) It was the duty of the said Charles Tacke to disclose on his *voir dire* examination any prejudice, or bias, he may have entertained against defendant. *State v. Taylor*, 64 Mo. 358; *State v. Ross*, 29 Mo. 32. (4) This incompetent juror was challenged peremptorily by the defendant, who, without fault on his part, did not know of said incompetency at the time of making said challenge, and who thereby was deprived of, or wasted one of, his twelve peremptory challenges. *State v. Hays*, 28 Mo. 287; *State v. Klinger*, 46 Mo. 224; *State v. Barton*, 71 Mo. 294.

*B. G. Boone*, Attorney-General, for the state.

(1) The remark attributed to the juror does not show that he was biased, or prejudiced against the defendant. It was general in its nature, and had no reference to defendant. In the language of the court of appeals: "It was nothing more than the uttering, in rude and low language, of a sentiment which every honest man in a community feels." (2) The defendant was not prejudiced by the remark of the juror, because the latter was peremptorily challenged, and he was not one of the panel which tried the cause, as in the *State v. Burnside*, 37 Mo. 343; *State v. Wyatt*, 50 Mo. 309, and *State v. Taylor*, 64 Mo. 358. (3) The defendant's constitutional right to a trial by an impartial jury, was not limited, or impaired, as in the cases cited above. (4) The juror (Tacke) was free from bias or prejudice, and the remark attributed to him would not have been sufficient to justify a challenge for cause (section 1897, Revised Statutes), and the defendant was not deprived of one of his peremptory challenges by reason of said juror being

on the original panel. (5) Where it appears from the record, as in this case, that the defendant was not deprived of the privilege of making the full number of statutory challenges, or that he suffered no prejudice, in the least, from the course that was pursued, this court will not reverse. *State v. Klinger*, 46 Mo. 226. (6) The record shows that the defendant had a fair trial, and was found guilty by a jury of twelve good and lawful men, duly elected, tried and sworn to try the cause. No error was committed in violation of any rule of law, and nothing occurred which could, by any possibility, have prejudiced the defendant, and there can be no grounds for reversal. *State v. Holme*, 54 Mo. 160.

SHERWOOD, J.—The defendant was indicted for the crime of robbery, and being tried, was found guilty, and his punishment assessed at ten years' imprisonment in the penitentiary. As the evidence upon which the conviction was founded, is not preserved, the only point for consideration is the denial, by the court, of the defendant's motion for a new trial, based upon the remark made by Tacke, after he and others had been sworn on their *voir dire*, and, having answered satisfactorily, were awaiting the completion of the panel of thirty-four, from which the jury were to be drawn, when Tacke made this remark: "*There is a living for every one in this country, and all these thieving sons of b——s ought to be sent up.*" This remark was unknown to counsel of defendant until after the trial was over, and forms the ground for the motion for a new trial.

The expression, or the existence of bias, or prejudice against *crime* constitutes no cause of challenge. *Davis v. Hunter*, 7 Ala. 135; *Williams v. State*, 3 Kelly 453; *Albrecht v. Walker*, 73 Ill. 69; *Kroer v. People*, 78 Ill. 294. Besides, although the remark of Tacke was not heard by *defendant's counsel, non constat,* but that it

was heard by *defendant himself*. If it was heard by defendant himself, and constituted any ground of objection to Tacke, then defendant was guilty of inexcusable negligence in not communicating the fact to his counsel, so that the proper steps could be taken. As there is no evidence preserved in the record; as it does not appear in what connection the words in question were spoken; as every presumption attends the acts and doings of a court of general jurisdiction; as a party who asserts that error has been committed, must prove it, we find nothing in the record, taking it as a whole, to warrant a reversal of the judgment, and so we affirm it. All concur.