[No. 147. Decided March 12, 1891.]

WARREN WHITCHER v. THE STATE OF WASHINGTON.

RAPE — ASSAULT WITH INTENT — INFORMATION — VARIANCE.

Under the statute of this state (§ 1004, Code 1881) an information which omits the name of the defendant from the charging part, but names him in the accusing part of the information, is sufficient. (ANDERS, C. J., and STILES, J., dissent.)

To warrant a conviction under an information charging an assault with force, with intent to rape a female under the age of sixteen years, an assault with force must be proved; and an instruction, that the fact that she consented to the advances made constitutes no defense, is erroneous. (DUNBAR, J., dissents.)

Though the laws of Washington make it rape to have carnal knowledge of a female under the age of consent, even with her consent, there can, in the absence of fraud, be no assault with intent to rape, when she consents, since there can be no assault without force or fraud.

*Appeal from Superior Court, Lincoln County.*

The facts are fully stated in the opinion.

*N. T. Caton,* and *D. J. Crowley,* for appellant.

The court manifestly erred in instructing the jury that if the prosecuting witness was under the age of sixteen years, she was incapable of giving consent to the act of sexual intercourse, and that any attempt to carnally know her would be criminal. The age of consent is twelve years. Code 1881, § 812; Laws 1885–6, p. 841; *Harland v. Territory,* 3 Wash. T. 131; *Tingue v. Village of Port Chester,* 101 N. Y. 294 (4 N. E. Rep. 625); *People v. Hills,* 35 N. Y. 449; *People v. Briggs,* 50 N. Y. 553; *Leonard v. January,* 56 Cal. 3; *People v. Gadway,* 61 Mich. 285 (28 N. W. Rep. 101); *Rumsey v. Territory,* 3 Wash. T. 331. Even if it were true that the age of consent was sixteen years, the court erred. The information charges an attempt to ravish and carnally know Annie Estabrook by force and against her will. The statute enu-

merates two different classes of facts, each of which consti-
tutes rape. The prosecutor cannot charge a rape of the one
class, and sustain the charge by proof of a rape of the other
class. Nor can he charge an assault with intent to commit a
rape of the one class, and sustain the charge by evidence of an
intent to commit a rape of the other class. The variance
between the allegations and the proofs would be fatal. *Greer
v. State,* 50 Ind. 267 (19 Am. Rep. 709); *Turley v. State,* 3
Humph. 323; *Hooker v. State,* 4 Ohio, 348; *State v. Noble,*
15 Me. 476; *Dick v. State,* 30 Miss. 631. Under the stat-
utes of Washington, there is no such offense as assault with
intent to commit rape upon a child under the age of con-
sent, who as a matter of fact does consent; for an assault
upon a female, old or young, consenting, is a legal impossi-
bility. *Smith v. State,* 12 Ohio St. 466 (80 Am. Dec. 355);
*O'Meara v. State,* 17 Ohio St. 518.

*Geo. A. Allen,* Prosecuting Attorney, and *J. W. Merritt,*
for the State.

The opinion of the court was delivered by

HOYT, J. — Plaintiff in error seeks by this appeal to
reverse the judgment and sentence of the superior court of
Lincoln county, whereby he was convicted of the crime of
assault with intent to commit rape, and sentenced therefor.
As a first reason for said reversal, plaintiff in error con-
tends that the information does not state facts sufficient to
constitute a crime. The information is as follows: "War-
ren Whitcher is accused by the prosecuting attorney of
Lincoln county, State of Washington, by this information,
of the crime of an assault with intent to commit rape,
committed as follows, to wit: On the 16th day of June,
1890, in the county of Lincoln, in the State of Washing-
ton, in and upon one Annie Estabrook, a female of the
age of twelve years and more, an assault did make, and

her, the said Annie Estabrook, then and there did beat, bruise, wound, and ill treat, with intent her, the said Annie Estabrook, by force and against her will, feloniously to ravish and carnally know, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the laws of the State of Washington," — and is, we think, sufficient. It is true, as contended by the appellant, that the name of the defendant is omitted in the charging part of the information, and, were it not aided by our statute, it would be bad. But thus aided it is good, as a man of common understanding could see therefrom that the acts charged were clearly intended to be so charged as the acts of the person named in the accusing part of the information.

The court instructed the jury that, if the person upon whom the attempt was made was under the age of sixteen years, the fact that she consented to the advances made would constitute no defense. This was error. The information charged an assault with force, and to warrant a conviction thereunder an assault with force must be proved. To prove an attempt without force when the charge was of one with force would be a clear variance. Besides, we do not think there can be such a thing as an assault to commit rape where consent is given. It is true that our statute has provided that having carnal knowledge of a female child under age shall be rape. Yet such statute has in no manner changed the definition of "assault." And we are unable to conceive of a person being assaulted who consents to the acts which, without such consent, would constitute an assault. Fraud in obtaining such consent may operate to make the person perpetrating the fraud liable. But, if so, it is upon the theory that the fraud used is equivalent to force. The legislature could provide that any undue familiarity with the person of a female under age should constitute an assault with intent

to ravish, but it has not done so. And as the law now stands there can be no felonious assault without the facts necessary to constitute a simple assault being elements thereof; and as we think there can be no simple assault without force, and with consent, it follows that there can be no such thing as an assault with intent to commit rape where, without fraud being practiced, consent is given to all the acts relied upon to establish the crime. Other errors were assigned upon the record, but a decision thereof would not aid the lower court upon a new trial, and we shall not therefore discuss them. The judgment and sentence must be reversed, and the cause remanded for a new trial, and it will be so ordered.

SCOTT, J. — I concur in the result; also in holding the information good, and that it was necessary to prove a forcible attempt, force being alleged.

ANDERS, C. J. (*concurring*). — While I concur in the conclusion that the judgment of the court below should be reversed, I am unable to assent to the proposition that the information in this case states facts sufficient to constitute a crime. Section 1006 of the code provides that the indictment (information) must be direct and certain as regards the crime charged, the party charged, and the particular circumstances of the crime charged, when they are necessary to constitute a complete crime. It is true that it is stated in the introductory part of the information that the defendant is accused of the crime of an assault with intent to commit rape, but it is nowhere alleged in the information that he did any of the acts constituting the crime of which he is "accused," and which are set forth in the charging part or body of the information. The introductory part of an information, which sets forth the name of the crime, is nothing more than a formal statement of a

conclusion of law supposed to result from a certain state of facts, and is useless unless fully warranted by the facts pleaded. A conclusion of guilt may be drawn from the particular facts and circumstances alleged; but in this case the fact that the defendant did those things alleged in the information can only be inferred from the accusation itself. I am of the opinion that the court erred in overruling the demurrer to the information.

STILES, J., concurs.

DUNBAR, J. (*dissenting*).— I dissent; I think with Judges HOYT and SCOTT that the information is sufficient. While its construction is awkward, I have no doubt that a person of common understanding could tell from reading it what was intended; that is the object of an indictment or information, and all that is necessary; anything more than that is simply verbiage, and its omission ought not to defeat the ends of justice. But I do not agree with the majority that the court erred in instructing the jury that if the person upon whom the attempt was made was under the age of sixteen years, the fact that she consented to the advances would constitute no defense. I agree with the proposition that there cannot be such a thing as an assault to commit a rape where consent is given; but I think within the meaning of the law no consent *can* be given where the female is under the age of sixteen years. It is the mental consent that the law contemplates, not the physical consent, and the theory of the law is that a female under the age of sixteen years is not of a consenting mind, and therefore cannot consent; or, in other words, the law will not allow her to consent. The judgment should be affirmed.