[No. 20878. In Bank. — March 11, 1892.]

THE PEOPLE, RESPONDENT, *v.* JUAN MESA, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO RAPE — INFORMATION — ALLEGATION OF INTENT. — An information charging that the defendant did unlawfully, feloniously, with force and violence, assault a person named and described as a female child under fourteen years of age, with intent to commit rape, and without her consent and against her will, sufficiently

shows upon whom the rape was intended to be committed; and the failure specifically to allege an intent to commit rape upon the person named is not ground for setting aside the information.

ID. — EVIDENCE — CORROBORATION OF PROSECUTRIX. — Upon a prosecution for an assault with intent to commit rape, the uncorroborated testimony of the prosecutrix is sufficient to sustain a conviction; and where the testimony of the prosecutrix is corroborated in many respects by other witnesses, the question as to the defendant's guilt is for the jury, and a verdict of guilty will not be disturbed on appeal as not justified by the evidence.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — COUNTER-AFFIDAVITS — DISCRETION — APPEAL. — Newly discovered evidence which is merely cumulative does not constitute a good ground for granting a new trial; and where every material fact of the alleged newly discovered evidence is contradicted by counter-affidavits, the discretion of the court in refusing a new trial will not be interfered with upon appeal.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.

The facts stated in the opinion.

*Blackstock & Shepherd,* for Appellant.

The information does not allege an offense, as it does not state the name of the person upon whom the rape was intended to be perpetrated. The information should be explicit, and leave nothing for inference, for nothing can be done by intendment. (*State* v. *Seay,* 3 Stew. 123; 20 Am. Dec. 66; *Phipps* v. *State,* 22 Md. 380; 85 Am. Dec. 654; *State* v. *Thurstin,* 35 Me. 205; 58 Am. Dec. 695; *People* v. *Bogart,* 36 Cal. 248.)

*Attorney-General Hart,* and *Deputy Attorney-General Layson,* for Respondent.

There was no demurrer. In the absence of a demurrer, defendant cannot complain that the precise facts are not specifically detailed. (*People* v. *Swenson,* 49 Cal. 388; *People* v. *Villarino,* 66 Cal. 229.) The plain import of the language is, that he intended to rape the girl he assaulted. (See *People* v. *Swenson,* 49 Cal. 388; *Grandison* v. *State,* 2 Humph. 451.) The information is in the language of the statute, and is sufficient. (*People* v. *Harrold,* 84 Cal. 570.) It is sufficient if an offense is sub-

stantially charged in the language of the code. (*People* v. *Mahlman*, 82 Cal. 585; *People* v. *Rozelle*, 78 Cal. 84; Pen. Code, secs. 948, 957, 960; *People* v. *Tonielli*, 81 Cal. 279; *People* v. *O'Brien*, 64 Cal. 53.) The evidence being conflicting, the court will not disturb the verdict. (Hayne on New Trial and Appeal, p. 850, sec. 288.) The evidence is sufficient. Discrepancies in the statements of children are not more than should be expected from their tender age. (*People* v. *Cesena*, 90 Cal. 381.) The prosecuting witness was under fourteen years old. She could not consent to rape. (See Pen. Code, sec. 261, subd. 1, as approved March 16, 1889.) A conviction upon the uncorroborated evidence of the prosecutrix will be sustained. (*People* v. *Stewart*, 85 Cal. 174; *People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; 2 Bishop's Crim. Proc., sec. 962.) If there was evidence tending to prove that the intent was as alleged in the indictment, the verdict will not be set aside on the ground that the evidence is insufficient to sustain the verdict. (*People* v. *Estrada*, 53 Cal. 601.) Convictions were sustained in the following cases: *Bailey* v. *Commonwealth*, 82 Va. 107; 3 Am. St. Rep. 87; *Fry* v. *Commonwealth*, 82 Va. 334; *Glover* v. *Commonwealth*, 13 Va. L. J. 798; *People* v. *Connor*, 9 N. Y. St. Rep. 674. In the Virginia cases, the evidence is not so strong as in the case at bar. (See Am. Dig., 1890, p. 3284, secs. 52–55; *People* v. *Lenon*, 79 Cal. 626.) The affidavits contain evidence cumulative of the testimony of defendant, and contradictory of the witnesses of the prosecution. Such testimony does not warrant a new trial. (*People* v. *Anthony*, 56 Cal. 399; Gear's Cal. Dig., p. 632, tit. Newly Discovered Evidence, 5; Hayne on New Trial and Appeal, p. 850, sec. 288; *Williamson* v. *Tobey*, 86 Cal. 497.) As this motion is addressed to the discretion of the court, it does not appear that there was any abuse thereof. (Hayne on New Trial and Appeal, p. 250, sec. 87.)

BELCHER, C. — The defendant was found guilty of an assault with intent to commit rape, and sentenced to be

imprisoned in the state prison for the term of ten years. He moved for a new trial, which was denied, and has appealed from the judgment and order.

The first ground urged for a reversal is, that the information was wholly insufficient to support the verdict and judgment, because it did not state the name of any person upon whom the rape was intended to be committed. The part of the information objected to is as follows: "The said Juan Mesa . . . . did unlawfully, feloniously, with force and violence, assault Alice Westfall, a female child under fourteen years of age, with intent to commit rape, and without her consent and against her will."

The Penal Code has the following provisions: —

"Sec. 220. Every person who assaults another with intent to commit rape . . . . is punishable by imprisonment in the state prison not less than one nor more than fourteen years."

"Sec. 959. The indictment or information is sufficient, if it can be understood therefrom . . . . 6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended; 7. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case.

"Sec. 960. No indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

"Sec. 1404. Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defend-

ant, or tended to his prejudice, in respect to a substantial right."

The information is substantially in the language of the statute defining the offense, and there was no demurrer to it. It was evidently intended to charge thereby that the defendant made an assault on Alice Westfall, with intent to commit rape upon her; and if the words " with intent to commit rape " had immediately preceded her name, there can be no question that the charge would have been sufficient. (*People* v. *Swenson,* 49 Cal. 388.) Does the transposition make any difference? Can it be said that while the defendant made the assault on Alice Westfall, he *may* have intended to commit the rape upon some one else, and therefore that the charge, so far as it relates to her, must be treated as one of simple assault? To so hold would be saying, in effect, that though a criminal act be set forth in an information in ordinary language, and in such a manner as to enable a person of common understanding to know what is intended, still, if there be a defect or imperfection in mere matter of form, though in no way prejudicial to any substantial right of the defendant, it may be availed of by him as good ground for having the information declared insufficient and set aside. But this would be in direct violation of the plain provisions of the code above quoted; and the rule is, that all the provisions of the code are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice. (Pen. Code, sec. 4.) In our opinion, therefore, the information here should be held sufficient.

It is next claimed that the evidence was insufficient to justify the verdict. The prosecutrix was a girl thirteen years of age, and if her testimony was true, the defendant was evidently guilty as charged. It is said that an inspection of the record will show that she was not a credible witness; but we are unable to find anything to warrant this conclusion. In a case like this, a conviction may be had upon the uncorroborated testimony of the prosecutrix (*People* v. *Mayes,* 66 Cal. 597; 56 Am. Rep. 126;

*People* v. *Stewart,* 90 Cal. 212); but here her testimony was corroborated in many respects by other witnesses. Whether the defendant was guilty or not was therefore a question for the jury to pass upon, and it cannot be said in this court that the verdict was not justified.

Objections are made to some of the instructions given by the court to the jury, but they are upon the theory that the information did not charge the crime of an assault with intent to commit rape, and that the instructions were therefore erroneous. This theory of appellant cannot, as we have seen, be maintained, and hence the objections are not well taken. The instructions, as a whole, seem to state the law of the case fully, fairly, and correctly.

One of the grounds on which a new trial was asked was that of newly discovered evidence. At the hearing of the motion, the defendant read several affidavits to show that if a new trial were granted he could prove by the affiants that the testimony on the part of the prosecution as to the time and place the assault was claimed to have been committed could not have been true, and that his own testimony as to the matter was true. The alleged newly discovered evidence was merely cumulative, and the authorities are numerous in this state that such evidence does not constitute good ground for granting a new trial. Besides, every material fact was contradicted by counter-affidavits. The motion was addressed to the discretion of the court below, and we cannot say that it abused its discretion in denying it.

In our opinion, the judgment and order should be affirmed.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.