## Commonwealth *v.* F. V. Rockafellow, Appellant.

*Criminal law—Banker— Insolvency—Deposit—Embezzlement—Indictment—Act of May 9, 1889.*

Under the act of May 9, 1889, P. L. 145, which provides that any banker who shall receive money from a depositor with the knowledge that he, the banker, is at the time insolvent, shall be guilty of embezzlement, an indictment is sufficient which charges that defendant, being a banker and knowing that he was insolvent, received money from a depositor.

The offence defined by the act is the fraudulent receipt of the money of a depositor, and it is immaterial that the act describes it as " embezzlement." The act cannot be nullified by a construction which reads into its provisions the definition of " embezzlement."

Argued April 11, 1894. Appeal, No. 309, Jan. T., 1894, by defendant, from judgment of Q. S. Luzerne Co., June T., 1893, No. 65, on verdict of guilty. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment against banker for fraudulently receiving money of depositor. Before LYNCH, P. J.

The indictment was as follows:

" The grand inquest of the commonwealth of Pennsylvania, inquiring for the county of Luzerne, upon their respective oaths and affirmations, do present that F. V. Rockafellow, yeoman, late of said county, on the seventh day of February in the year of our Lord one thousand eight hundred and ninety-three, at the county aforesaid, and within the jurisdiction of this court, being then and there a banker and engaged in carrying on a private bank in the city of Wilkes-Barre, in said county, under the name of F. V. Rockafellow & Co., then and.

there took and received of and from one Isaac Long, who was then and there a depositor in said bank, money of the said Isaac Long, depositor as aforesaid, to wit, the sum of four thousand six hundred dollars lawful money of the United States of America, with the knowledge of the said F. V. Rockafellow, banker, that he and the said bank were then and there insolvent, with intent of the said F. V. Rockafellow then and there unlawfully, willfully and fraudulently to embezzle the said sum of four thousand six hundred dollars, contrary to the form of the act of the general assembly," etc.

The commonwealth offered to prove by witnesses that they made deposits with defendant, at the times mentioned, in his bank, and that he himself received the money. This for the purpose of proving that defendant was a banker, and was doing business as a banker himself on Feb. 7, 1893, and had his bank open for the purpose of receiving deposits. To be followed by proof that he was insolvent on that day.

Objected to : (1) because it is not pertinent ; (2) it took place several hours after the deposit which is made the subject of indictment now being tried ; (3) they are separate and distinct offences.

The Court : You may show the defendant was a banker, that he was insolvent, that he knew the fact, that he received deposits on that day ; but you may not show a separate and distinct offence, having charged this man in one count with one specific item. You may show the general course of business, but you may not show a separate and distinct offence. You may show general course of business, but no specific amount. Exception. [3, 4]

Evidence was received accordingly.

Defendant's points were, among others, as follows :

" 3. There being no evidence of the fraudulent appropriation or conversion of the money alleged to have been deposited by said Long on the 7th day of February, 1893, the verdict must be one of acquittal." Refused. [1]

4. Request for binding instruction. Refused. [6]

The court charged in part as follows :

" In this case, as the court construes the law, the legislature has seen fit to make the known insolvency of the banker at the time he receives the money the evidence of his guilt. For ex-

ample, if the banker knows when he receives the deposit, the money from a depositor, that he is insolvent, then he is presumed to know that he is unable to pay the amount of that money when called upon in due course of business; therefore to that extent the receipt of the money with that knowledge is a fraud upon the depositor and the only fraudulent conversion in my judgment required under this act." [2]

The jury returned a verdict of guilty.

A motion in arrest of judgment, specified:

"1. The indictment is insufficient in law in that it fails to charge that the money which defendant is alleged therein to have received was embezzled, that is, unlawfully appropriated by defendant to his own use."

"2. The indictment is insufficient in law in that it does not charge that the defendant took and received the money aforesaid as a deposit."

Motion overruled and sentence passed.

*Errors assigned* were (1, 2, 6) instructions; (3, 4) rulings; (5) overruling motion in arrest of judgment; quoting instructions, rulings and evidence.

*F. W. Wheaton* and *John T. Lenahan,* for appellant.—The offence is defined in the act of 1889 as "embezzlement," which is the fraudulent appropriation of the goods of another by a person intrusted with the property of the same: 1 Whart. Cr. L. § 1009.

It is a well established rule that when the act itself is not necessarily unlawful but becomes so by particular circumstances and relations, all the matters of which the illegality consists must be set out in the indictment: 1 Chit. Cr. L. 227; Com. v. Beerbrower, 3 Clark, 404; Wilson v. Com., 10 S. & R. 377; Whart. Cr. Pr. & Pl. § 152; Bishop, Cr. Pro. § 627.

Legislation upon the subject of embezzlement by this and other states shows that the element of unlawful conversion is the distinguishing fact of that crime, and one which must therefore be pleaded: Com. v. Delamater, 2 Dist. R. 118; 1 Whart. Cr. L. §§ 1059, 1061; Whart. Cr. Pr. & Pl. 220, 231; U. S. v. Hess, 125 U. S. 488; Com. v. Miller, 2 Parsons, 480; Com. v. Schall, 2 Dist. R. 462; R. R. v. Riblet, 66 Pa. 164; Eby's

Ap., 70 Pa. 311; 1 Chit. Cr. L. 281; Archbold, Cr. Pl. 50; People v. Allen, 5 Denio, 76; Com. v. Smart, 6 Gray, 16; 10 A. & E. Ency. L. 576; Com. v. Frey, 50 Pa. 245; U. S. v. Cruikshank, 92 U. S. 562; State v. Powder Co., 11 Atl. R. 127; Titus v. State, 49 N. J. L. 36.

Evidence of prior acts is competent only to show guilty intent: Com. v. Sawtelle, 141 Mass. 140; Com. v. Tuckerman, 10 Gray, 173; Com. v. Daniels, 2 Parsons, 332.

The act of 1889 does not apply to private bankers: Com. v. Ketner, 92 Pa. 372; Bank v. Hines, 3 Ohio St. 31.

If it does apply it is unconstitutional: Art. 14, § 1, U. S. Const.; art. 1, § 9, Pa. Const.; Craig v. Kline, 65 Pa. 399; Jacob's Application, 98 N. Y. 98.

*John M. Garman,* district attorney, for appellee.—The mistake made by defendant's counsel in the first subdivision of their argument lies in an erroneous notion of the meaning of embezzlement: U. S. v. Conant, 9 Reporter, 36; Acts of Congress of June 14, 1886, c. 122, s. 3, v. 14, p. 65; July 8, 1870, c. 225, s. 4, v. 16, p. 194.

But, whatever the general definition may be, under the act of May 9, 1889, P. L. 145, embezzlement is the taking and receiving money by any banker, broker or officer of any trust or savings institution, national, state or private bank, from a depositor, with the knowledge that he, they, or the bank is at the time insolvent: Act of March 13, 1860, P. L. 433; Bank of Republic v. Millard, 10 Wal. 152; Edge v. Com., 7 Pa. 277.

The testimony was admissible to show general course of business: Com. v. Eastman, 1 Cush. 189.

A statute made for the good of the people should, although penal, receive an equitable construction: People v. Bartow, 6 Cow. 290.

OPINION BY MR. JUSTICE FELL, July 12, 1894:

The only exceptions that require notice relate to the sufficiency of the indictment, which was drawn under the act of May 9, 1889, P. L. 145. The act provides that any banker who shall receive money from a depositor with the knowledge that he, the banker, is at the time insolvent, shall be guilty of embezzlement.

The indictment charges that the defendant, being a banker and knowing that he was insolvent, received money from a depositor.

The averment in the indictment follows the language of the act, and is in substantial compliance with the rules of criminal pleading.

The offence clearly and distinctly defined is the fraudulent receipt of the money of a depositor. The act is not to be nullified because this is called embezzlement and by a construction which reads into its provisions the definition of that offence. The word was not well chosen, but the intention is clear. The case was carefully tried and properly submitted.

The judgment is affirmed.