[No. 18083.  Department Two.  June 3, 1924.]

THE CITY OF PORT ANGELES, *Respondent*, v. HOWARD E.
FISHER, *Appellant*.[1]

INDICTMENT AND INFORMATION (37)—REQUISITES—DESIGNATION OF
ACCUSED.  A complaint before a justice of the peace for the viola-
tion of an ordinance is not insufficient because it fails to set out
the defendant's name except in the title.

INTOXICATING LIQUORS (42)—OFFENSES—UNLAWFUL POSSESSION—
COMPLAINT—SUFFICIENCY.  A complaint charging the violation of a
city ordinance is not objectionable in that it charges several of-
fenses, viz.; receiving intoxicating liquor from a common carrier, of
buying, selling and disposing of the same, having unlawful posses-
sion of liquor, of being a jointist, and also a bootlegger, where it is
sufficient only as to the unlawful possession, being insufficient in
the other respects in that it failed to allege that he opened up and
conducted a place, or carried it about for the purpose of sale, the
words "buy, sell," etc., being necessarily eliminated because insuf-
ficient to charge any offense.

Appeal from a judgment of the superior court for
Clallam county, Dykeman, J., entered April 2, 1923,
upon a trial and conviction of the unlawful possession
of intoxicating liquor.  Affirmed.

*Wm. B. Ritchie* and *T. F. Trumbull*, for appellant.
*Rose & Lewis*, for respondent.

BRIDGES, J.—The appellant was originally charged in
the police court of the city of Port Angeles with vio-
lating a liquor ordinance.  After being there convicted
of unlawful possession of intoxicating liquors, he ap-
pealed to the superior court of Clallam county, where
he was again convicted.

Inasmuch as most of the errors complained of are
based on the complaint on which he was tried, and
which was originally filed in the police court, it will be

[1]Reported in 226 Pac. 489.

necessary to set it out to some extent. After stating the venue, it reads as follows:

"The City of Port Angeles,
          Plaintiff,
              v.
"Howard E. Fisher,
          Defendant.
                  "Criminal Complaint.
"State of Washington ⎫
"County of Clallam    ⎬ ss.
"City of Port Angeles ⎭

"Van W. Welch, being first duly sworn, says: That on or about the 1st day of January, 1923, at the city of Port Angeles in said Clallam county, Washington, the said defendant did commit a misdemeanor as follows, towit; He said_____at_____and in the city of Port Angeles, Clallam county, Washington, wilfully and unlawfully and contrary to the provisions of the ordinance hereinafter mentioned, did then and there buy, receive and keep and have in his possession, sell and dispose of certain intoxicating liquor.

"All of which is contrary to Ordinance No. 610, Sections_____of the City of Port Angeles. . . ."

The title and date of passage and approval of the ordinance follow.

It is contended that this complaint is fatally defective in that the name of the defendant is not used in the charging part, or elsewhere except in the title, in that it fails to charge any offense, and in that, if it charges any offense, it charges several.

Any complaint, indictment or information must, of course, be read in the light of the ordinances or statutes upon which it is based. Section I of the ordinance provides that "it shall be unlawful for any person . . . to receive from any common carrier or persons engaged in the transportation business, or otherwise, intoxicating liquor. It shall be unlawful for any person . . . to have in his possession any

intoxicating liquor . . ." Section 2 provides that any person who opens up, conducts or maintains any place for the sale of intoxicating liquor shall be a jointist, and any person who carries about with him any such liquor for the purpose of selling the same shall be a bootlegger. The other sections define the punishment for the offenses previously mentioned.

Under our statutes, indictments or informations must contain; "1. The title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties: (2) a statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Section 2055, Rem. Comp. Stat. [P. C. § 9258].

Certainly a complaint before a police justice need not be more elaborate, formal and exact than an information or indictment. It is true the complaint does not set out the appellant's name except in its title, where he is designated as defendant, but in the charging part it is said that the "defendant" did commit the misdemeanor therein charged. Unless we intend to be very technical this ought to be sufficient. There can be no question but that the appellant, as a man of ordinary intelligence, upon reading the complaint would at once know that he was the person charged therein. Under the old practice it was customary—if not necessary—that the defendant's name be used in the charging portion of the complaint, indictment or information, but it was the purpose of our statute to eliminate these hard and fast rules of pleading in criminal cases.

Appellant cites as supporting his view, *Whitcher v. State,* 2 Wash. 286, 26 Pac. 268, and *State v. Maldonado,* 21 Wash. 653, 59 Pac. 489. These cases, as we

read them, tend rather to sustain the view we are taking here than the one contended for by the appellant.

So far as the name is concerned, we have no hesitancy in pronouncing the complaint sufficient.

It is next contended that the complaint does not state facts sufficient to constitute any offense. It may be, as we will discuss later, that it is insufficient to allege any other offense than that of possession, but it clearly charges that offense.

But it is more seriously argued that several offenses are charged, among the rest that of receiving intoxicating liquor from a common carrier, that of having unlawful possession, that of being a jointist, and also a bootlegger. It is argued that it is charged that the appellant did "receive" and "keep" intoxicating liquor. It does not, however, charge the crime of receiving intoxicating liquor from a transportation company. It also says that appellant had the liquor for sale and disposal, which are elements necessary for charging one with being a jointist or bootlegger, yet it is wholly insufficient to charge him as a jointist because it fails to allege that he opened up, conducted or maintained a place for the sale of intoxicating liquor, and it is wholly insufficient to charge him with being a bootlegger because there is an entire absence of the element of carrying about for the purpose of sale. The complaint fails to charge any misdemeanor defined by the ordinance except that of having possession of intoxicating liquor, and it is sufficient for that purpose. The words "buy, receive and keep . . . sell and dispose of" must be entirely eliminated because they are unnecessary to the charge of possession and are insufficient, together with the other allegations, to charge any other offense. Such being the situation, we

hold that the complaint charged only unlawful possession of intoxicating liquor.

The judgment is affirmed.

MAIN, C. J., FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.