[No. 3021, Jan. 7, 1927.]

STATE v. NANCE.

[252 Pac. 1002.]

SYLLABUS BY THE COURT

1. Insolvency of the bank at the time of receiving the deposit is an essential element of the offense defined in Laws 1915, c. 67 § 41.

2. Indictment alleging that defendant received a deposit "then and there having knowledge of the fact that such bank was insolvent" sufficiently alleges the fact of insolvency.

3. Discretion of trial court in overruling motion for new trial, based on disqualification of a juror, not reviewable.

Appeal from District Court, Union County; Leib, Judge.

N. E. Nance was convicted of receiving a deposit in an insolvent bank, and he appeals. Affirmed.

Easterwood & Thompson, of Clayton, for appellant.

John W. Armstrong, Atty. Gen., and J. N. Bujac, Asst. Atty. Gen. for the state.

WATSON, J. Appellant appeals from a conviction under Laws 1915, c. 67, § 41, which provides:

"No bank shall receive any deposit when it is insolvent nor shall any officer, director or employee of any bank knowingly permit the receipt of any such deposits. * * * No officer, director, owner, or employee of any bank shall receive or assent to the reception of any deposit of money or other valuable thing by such bank or create or assent to the creation of any debt or liability by such bank after he shall have had knowledge of the fact that such bank is insolvent. Upon the trial of any person charged with

[1] 7CJ p. 580 n. 28.     [2] 7CJ p. 582 n. 49.     [3] 17CJ p. 238 n. 26.

an offense under this section, evidence of the failure of such bank at any time within thirty days after the reception of such deposit or the creation of such indebtedness, shall be received as prima facie evidence of knowledge on the part of the person charged, that such bank was insolvent at the time of the reception of such deposit or creation of such indebtedness."

The first point urged is that the court erred in overruling appellant's demurrer and motion to quash. As to the motion to quash, it is sufficient to say, that it does not seem to have raised the objection here urged to the indictment.

[**1, 2**] The count upon which appellant was convicted alleged that he, as president of the Bank of Des Moines, a state bank, "unlawfully, willfully, knowingly, feloniously, fraudulently and corruptly, did receive a certain deposit of money in said bank, to wit, a deposit of $19.58 then and there made by J. J. Murray, the said N. E. Nance then and there having knowledge of the fact that such bank was insolvent." The objection to the count raised by the demurrer, and here urged, is that it failed affirmatively to allege that the bank was insolvent when the deposit was received.

We readily agree with appellant that under this statute the insolvency of the bank, at the time of receiving the deposit, is an essential element of the offense, and that proof of the fact is necessary to conviction. We agree, also, that it would be better pleading to include in the count an affirmative allegation of that fact. The question is whether its omission is fatal; it being observed that the appellant was charged in the language of the statute.

It is laid down, in substance, in 1 Michie on Banks and Banking, § 62 (1 ch.), 3 R. C. L. "Banks" § 126, and 7 C. J. "Banks and Banking," § 205, that a specific and affirmative allegation of insolvency of the bank is necessary, since, in the absence of that fact, the offense is not committed. Upon these texts and the authorities there cited, appellant relies. Most of the decisions are so clearly distinguishable

as not to require mention. We find but three cases which can be of assistance. State v. Bardwell, 72, Miss. 535, 18 So. 377, and Fleming v. State, 62 Tex. Cr. R. 653, 139 S. W. 598, lend some support to appellan'ts contention; while Commonwealth v. Rockafellow, 163 Pa. 139, 29 A. 757, holds to the contrary. The opinion in the last-mentioned case contains no argument nor authority. It is valuable only as precedent. The other two cases are somewhat distinguishable. In State v. Bardwell, the offense was defined by the statute as receiving a deposit, knowing or having good reasons to believe that the bank was insolvent; and the indictment charged the receipt of the deposit then and there "knowingly, and having good reason to believe, that said bank was then and there insolvent." The court argued that one might have good reason to believe that a bank was insolvent when in fact it was not. In Fleming v. State, supra, the statute made it an offense to receive a deposit "after he shall have had knowledge of the fact that such bank, * * * is insolvent." The defendant in that case was charged with receiving the deposit after said "bank was insolvent and in failing circumstances." The court held that such a charge would permit of his conviction if it were shown that at some time prior to receiving the deposit the bank had been insolvent, even though, at the time of receiving it, it was not.

The indictment in this case charges that appellant, at the time of receiving the deposit, had knowledge that the bank was insolvent. Practically, to enable the state to prove that appellant had knowledge of the insolvent condition of the bank, such condition, as an existing fact, must first be shown. It cannot be said that appellant was not informed of the nature of the offense with which he was charged, nor that it was lacking in particularity. It cannot reasonably be urged that such an indictment would permit of his conviction without proof of the essen-

tial elements of the crime.  Clearly, conviction under it would bar further prosecution for the same offense.  If this is true, appellant has suffered no injustice or prejudice because of the imperfection of the count.

It is the general rule, subject to some exceptions, that it is sufficient, in charging a statutory crime, to follow the language of the statute.  State v. Alva, 18 N. M. 143, 134 P. 209; State v. Probert, 19 N. M. 13, 146 P. 1108; State v. Lazarovich, 27 N. M. 282, 200 P. 422.  We think that the count in question is fairly within that rule.  The statute itself fails expressly to make actual insolvency an element of the crime.  Yet, by necessary intendment, it does so. We think that the count, by necessary intendment, charges, and necessitates proof of, actual insolvency. In State v. Probert, supra, a count following the language of the statute was held sufficient to charge statutory embezzlement, although it contained no allegation of intent to defraud.  It was there said:

"To allege that a person fraudulently embezzled and converted to his own use the money of another, is to allege that he so did with intent to defraud.  To do an act fraudulently is to do it with intent to cheat and defraud."

It is just as reasonable to say that to charge one with knowledge of a fact is to charge the existence of the fact.

We think, therefore, that appellant's first contention must be overruled.

[3] Appellant's remaining contention is upon the overruling of his motion for a new trial, in which showing was made that one of the jurors was disqualified, in that he was not a resident citizen of New Mexico.  From the affidavits it appears that a few months before the trial the juror moved across the state line into Oklahoma, establishing his residence there; and that on his voir dire examination he stated that he lived at Mexhoma.  Appellant says that he understood from his answer merely that the

juror's post office address was Mexhoma, and supposed that he was a resident of New Mexico. Appellant's counsel made no affidavit, but appellant himself undertakes to say for them, that they, as well as he, understood the juror to say that he was a resident citizen of New Mexico. This contention must be overruled on the authority of Territory v. Emilio, 14 N. M. 147, 89 P. 239, which laid down the rule that this court cannot review the action of the trial court in overruling a motion for new trial, based upon the disqualification of a juror. Even if the rule were otherwise, we do not consider the showing of diligence to have been sufficient.

The judgment must accordingly be affirmed, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.