62 P.(2d) 817

**STATE v. ALARID.**

No. 4146.

Supreme Court of New Mexico.

July 20, 1936.

Rehearing Denied Dec. 7, 1936.

E. R. Wright, of Santa Fé, for appellant.

Frank H. Patton, Atty. Gen., and J. R. Modrall, Asst. Atty. Gen., for the State.

SADLER, Chief Justice.

The defendant was convicted of rape and he appeals. The information upon

which the State went to trial was filed in the district court of Santa Fé county on April 10, 1934.` It contained two·counts, the second of which was dismissed, the State electing to go to trial on the first count, reading, except as to the italicized words in parenthesis, as follows: "That Ricardo Alarid, Jr., late of the County of Santa Fe, State of New Mexico, on the 3rd day of April, A. D. 1934, at the County and State aforesaid, did, with force and arms in and upon the body of Agnes Vigil, a seventeen year old female child, then and there being, unlawfully and feloniously make an assault, and did then and there wickedly and feloniously against her will when her resistance was forcibly overcome, ravish and carnally and unlawfully know, (*her the said Agnes Vigil*) contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of New Mexico."

■ Although no demurrer or motion to quash was directed at the first count by reason of the matter presently mentioned, the defendant at the trial objected to the introduction of any testimony under the charge because of the omission, at the point italicized above, of the words "her the said Agnes Vigil," claiming that by reason of such omission the information failed to charge rape, "but merely an assault." State v. Comeaux, 142 La. 651, 77 So. 489, and Nugent v. State, 19 Ala. 540, are cited to support the claimed insufficiency of the charge. We have carefully considered these·authorities and, while in point, they rest upon a narrow and tech-

nical construction of the language of the charge. We are unwilling to follow them. We think the sounder rule is that adopted in the case of Proctor v. Commonwealth, 20 S.W. 213, 14 Ky.Law Rep. 248. See, also, 52 C.J. 1039, § 54, under title "Rape," and Whitcher v. State, 2 Wash. 286, 26 P. 268, where, under a statute apparently similar to 1929 Comp. § 35-4414, controlling at the trial of the offense here involved, an omission such as that now relied upon was held immaterial. For similar holding under the California statute, see People· v. Mesa, 93 Cal. 580, 29 P. 116. Even unaided by the statute and in line with the reasoning of Proctor v. Commonwealth, supra, we think the information is sufficient.

■ Error is also based upon the action of the trial court in permitting certain witnesses to testify whose names had not been indorsed on the information at the time of filing same, in compliance with 1929 Comp. § 35-4402, controlling at the trial of the offense here involved. This section, so far as material, reads: "The district attorney shall subscribe his name to information filed in the county, probate or district court and endorse thereon, the names of the witnesses known to him at the time of filing same. He shall also endorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe."

In substance and purpose this section relating to informations is very similar to

1929 Comp. § 78-235, which applies to indictments and reads: "When an indictment is found, the names of the witnesses examined before the grand jury, must in all cases be inserted at the foot of the indictment or endorsed thereon before it is presented to the court."

In State v. Rucker, 22 N.M. 275, 161 P. 337, we construed the latter statute and held it to be directory in character, even though mandatory in form. Influenced no doubt by the reasoning of the Rucker Case, the trial court held that without a showing of prejudice the objection urged was unavailing. We find no error in this ruling.

After the cause was submitted to the jury, a purported verdict was returned into court reading as follows: "We, the jury, find the defendant, Ricardo Alarid, Jr., guilty, *but ask the judge (or court) to suspend the sentence and have the defendant report every month what he is doing.*"

The trial judge refused to receive this as a verdict, noting upon the same the following indorsement: "This form of verdict was not received as a verdict by the court," and in open court orally instructed the jury as follows: "Gentlemen of the Jury, the Court has had prepared for your use, another form of verdict exactly like the one you returned as it was originally handed to you. The form you have handed in cannot be accepted. However, if it is the sense of the Jury that they desire to recommend clemency in their verdict, you have a right to do that. Such a recommendation though, is not binding on the Court, and the Court may exercise its discretion in regard to such a recommendation. I am handing you now this new form of verdict together with the old form which you signed and the information, and you may now retire to consider further of your action."

Thereupon counsel for defendant stated to the court that the instruction on clemency was uninvited by the defendant and that he objected to the giving of same. Later the jury returned into court its verdict as follows: "We, the jury, find the defendant, Ricardo Alarid, Jr. guilty in manner and form as charged in the information. We recommend Clemency."

■ Error is based upon the court's action in instructing on clemency. We find no merit in this claim of error. Apparently it rests on the defendant's admission as a witness that he previously had been convicted of a felony and had been confined in the penitentiary. Consequently, applicability of the habitual criminal statute, 1929 Comp. § 35-4201, was suggested. However, it actually was neither invoked nor applied by the court in sentencing the accused.

Defendant is mistaken in the statement that, if the Habitual Criminal Act had been invoked, the minimum sentence which the court could have imposed was 99 years. The penalty applicable to one convicted of rape is not less than one year nor more than 99 years. 1929 Comp. §

35-801. The Habitual Criminal Act applicable upon conviction for the second offense amounting to a felony is as follows: "Any person who, after having been convicted within this state, of a felony, or, who shall have been convicted under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, shall be punished upon conviction of such second offense as follows: If the subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person shall be sentenced to imprisonment for a term not less than half the longest term, nor more than twice the longest term prescribed upon a first conviction."

It is thus seen that, even if the Habitual Criminal Act had been invoked, there was discretion in the trial court as to the extent of punishment to be given under it. Hence there was no impropriety in instructing on clemency.

Finally, it is urged that the trial court erred in refusing to set aside the verdict and grant a new trial because of disqualification of the juror, Juan Sandoval. The claimed disqualification is relationship to the prosecutrix within the seventh degree.

The alleged error is based on facts recited in defendant's brief as follows:

"Juror Victor Casados was included among the first twelve jurors called to the box. Upon being examined by the District Attorney, he was excused for cause, and the juror Juan Sandoval was called into the jury box and sworn to answer questions. * * * While this juror was in the box, questions were asked of the jurors Pedro G. Ortiz, and Ignacio Moya, showing that they were both related to the prosecutrix and her family. Challenges for cause were interposed on the grounds of relationship as to both of these witnesses. Thereupon, immediately following this challenge, the general question was asked if there was anyone else on the jury who was related to the Vigil family in any way whatsoever. No response was made to this by any juror, whereupon the jury was passed to cause. Thereafter four of the jurors—C. C. Richards, Meliton Quintana, Pedro G. Ortiz and Ignacio Moya, were excused by the exercise of peremptory challenges on behalf of the defendant.

"The defendant, when the jury was finally sworn, had one peremptory challenge left, which peremptory challenge could and would have been used upon the juror Juan Sandoval, if he had truthfully answered the question and disclosed the relationship."

These facts should be supplemented by the statement that knowledge of such relationship came to the defendant after the cause had been submitted to the jury and it had been engaged for some hours in deliberating upon the verdict. However, defendant did not communicate this in-

formation to his counsel until after the jury had actually returned a verdict.

■■ Knowledge of the relationship of this juror to prosecutrix having come to defendant before verdict (16 C.J. 1152), if the objection were otherwise available, we think he waived it by failing to have his counsel bring same to the attention of the court for appropriate action. It is unimportant that defendant alone, and not his counsel, received this information prior to verdict. Knowledge on the part of either imposes the duty of making the objection. Territory v. Emilio, 14 N.M. 147, 89 P. 239; Jones v. State, 135 Ga. 357, 69 S.E. 527; Widincamp v. State, 135 Ga. 323, 69 S.E. 535; State v. Bussamus, 108 Iowa, 11, 78 N.W. 700; State v. Jackson, 27 Kan. 581, 41 Am.Rep. 424; State v. Burns, 85 Mo. 47; State v. Labauve, 46 La.Ann. 548, 15 So. 172.

"It is not enough that one is ignorant—the ignorance must be that of both." 12 Ency. of Pl. & Pr. 457.

The purpose of the rule is, of course, obvious—to prevent a party from gambling on the result.

■ The trial court, in the exercise of its discretion, overruled the motion for new trial based upon disqualification of the juror. Such being the case, we see no reason to disturb its ruling, if, indeed, the same be open to review by us. Territory v. Emilio, 14 N.M. 147, 89 P. 239; State v. Nance, 32 N.M. 158, 252 P. 1002; State v. Manzanares, 33 N.M. 573, 272 P. 565.

This conclusion renders it unnecessary to pass upon the contention ably presented by defendant's counsel that the common-law rule touching the disqualification of jurors by reason of relationship is in force in New Mexico. If it is not, the relationship here shown—within the seventh degree—might be deemed too remote to subject the juror to challenge for cause on account thereof.

Finding no error in the record, the judgment reviewed will stand affirmed.

It is so ordered.

HUDSPETH, BICKLEY, and ZINN, JJ., concur.

BRICE, J., did not participate.

On Rehearing.

SADLER, Chief Justice.

The defendant has filed a motion for rehearing, resting same upon two points claimed to have been erroneously determined in our former opinion. The first relates to the trial court's refusal to set aside the verdict because of asserted disqualification of a juror by reason of relationship to the prosecuting witness. A reconsideration of what we already have said on this subject, in the light of the new argument advanced, leaves us still satisfied of the correctness of our conclusion.

The second ground advanced persuades us that something more should be said in

view of defendant's contentions. This ground relates to the trial court's action in permitting certain witnesses to testify whose names were not indorsed on the information when filed, in conformity with the requirement of 1929 Comp. § 35-4402, controlling at the trial of the offense charged. The names of all witnesses but one, whose testimony was objected to upon this ground, were placed on the information on March 22, 1935, although the name Mrs. Lazaro Vigil was subsequently changed to Helena Vigil, the same person. Defendant's counsel examined the information on the date mentioned. The trial began on April 1st, some ten days later, both the State and the defendant announcing "ready." We previously held this claim of error ruled by the reasoning of our opinion in State v. Rucker, 22 N.M. 275, 161 P. 337, dealing with a similar statute relating to indictments and were content to rest the decision upon that authority.

Defendant complains, however, that we failed to dispose of his contention that the statute mentioned was adopted from Oklahoma, as indicated in State v. Taylor, 33 N.M. 35, 261 P. 808, and that, as there held dealing with another section of the same statute, we adopted the construction previously placed upon it by the Criminal Court of Appeals of Oklahoma. He also reminds us that in State v. Jones, 34 N.M. 499, 285 P. 501, the mandatory character of this statute was urged but that we there found it unnecessary to pass upon the question. Steen v. State, 4 Okl.Cr. 309,

111 P. 1097, decided prior to the claimed adoption, is relied upon as construing the statute to be arbitrary and mandatory and as giving it an effect which renders the trial court's ruling on this point in the case at bar reversible error.

It appears there are two statutes in Oklahoma upon this subject, one with reference to indictments (Snyder's Comp.L. Okl. § 6691; Okl.Comp.St.1921, § 2550) upon which prosecutions for felonies were then based; and the other relating to informations (Snyder's Comp.L.Okl. § 6644; Okl.Comp.St.1921, § 2511) governing prosecutions for misdemeanors. The statutes are not identical, and accordingly different effect in certain respects has been given them. Whitworth v. State, 32 Okl.Cr. 200, 239 P. 930, and cases cited. But that the facts here shown would not warrant a reversal under either Oklahoma statute as construed in that State is abundantly shown by Oklahoma decisions since the Steen Case, both prior to and since the adoption. See Ostendorf v. State, 8 Okl.Cr. 360, 128 P. 143, 147; Star v. State, 9 Okl.Cr. 210, 131 P. 542; Leigh v. State, 34 Okl.Cr. 338, 246 P. 667; Hochderffer v. State, 49 Okl.Cr. 420, 295 P. 236; Shaw v. State, 53 Okl.Cr. 389, 12 P.(2d) 550.

In Ostendorf v. State, which was a prosecution upon information for a misdemeanor, the court was construing the identical statute which it is claimed we adopted. When filed, the information bore the names of only two witnesses. When called for trial, it bore the names of four additional witnesses with the record silent

as to when they were placed upon it. Both sides announced ready for trial, the jury was sworn, the county attorney made his opening statement, defendant's counsel declining to make one, and the court directed the State to call its witnesses. Whereupon defendant's counsel moved to strike from the information the names of the four witnesses not there when filed because "not originally indorsed upon the information" when filed and "that they have not been indorsed thereon since the filing * * * by order of the court; but, if so done by order of the court, without notice to the defendant."

The county attorney then asked leave to indorse the names of these witnesses, to which defendant objected because the trial already had begun. The court overruled the objection and directed that the trial proceed.

The facts, if anything, are stronger in that case than in the one at bar, to support a ruling in defendant's favor. It is not there shown that defendant knew prior to trial that the State proposed to use these witnesses. Here most of them, if indeed not every one challenged, had testified at the preliminary hearing and defendant's counsel had inspected the information some ten days before trial and then observed the names of these witnesses indorsed upon it, the name of Mrs. Lazaro Vigil being subsequently changed to Helena Vigil, the same person. Yet under the stronger state of facts shown in the Oklahoma case the court held and said: "The names of the witnesses objected to were on the back of the information when the trial began. There is no claim made that the appellant was surprised, and did not know that the names of such witnesses were on the back of the information at the time when he announced ready for trial, and that he would not have announced ready for trial if this fact had been known to him, or that indorsing these names on the back of the information required the appellant to make any further preparation for trial, and that there was any evidence which he might obtain to counteract or impeach their testimony. There being no showing of any injury to appellant, or that he suffered any surprise in this matter, we think that the motion came too late."

It is not here claimed there was any surprise. No attempt was made, by withdrawal of the announcement of ready previously made and motion for continuance, to prepare to meet the testimony reasonably to be anticipated from these witnesses. Defendant rests his position squarely upon a demand for technical compliance with the statute. The trial court's denial of defendant's objection to the testimony of these witnesses was the equivalent of leave to indorse their names on the information. In Shaw v. State, supra, the Criminal Court of Appeals of Oklahoma, speaking of both statutes, said: "Sections 2511 and 2550, Comp.St.1921, provide for the indorsing of the names of witnesses on informations in cases less than capital. This court has held many times in such cases that the names of

additional witnesses may be indorsed at any time within the discretion of the court. Such indorsement is not error unless there is an abuse of this discretion. Nelson v. State, 5 Okl.Cr. 368, 114 P. 1124; Bigfeather v. State, 7 Okl.Cr. 364, 123 P. 1026; Star v. State, 9 Okl.Cr. 210, 131 P. 542; Montgomery v. State, 19 Okl.Cr. 224, 199 P. 222."

And so, wholly aside from the question whether in view of our own decision in State v. Rucker, supra, we should feel disposed to follow by adoption a construction of this statute contrary in principle to that given a similar statute in the Rucker Case, we hold this claim of error to be without merit. Accordingly the motion for rehearing will be denied, and it is so ordered.

HUDSPETH and BICKLEY, JJ., concur.

BRICE, and ZINN, JJ., did not participate.