138 P.2d 1016

### STATE v. GRICE.

No. 4739.

Supreme Court of New Mexico.

March 13, 1943.

Frederick L. Nohl, of Albuquerque, for appellant.

Edward P. Chase, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

SADLER, Justice.

The defendant was convicted of first degree murder by a jury in Bernalillo County which recommended leniency. In due course he was sentenced to life imprisonment in the state penitentiary from which sentence and judgment of conviction he prosecutes this appeal.

It is first complained that the trial court erred in permitting one Oren William Strong to testify as a witness for the state. His right to testify was challenged on the ground that his name was not endorsed on the information pursuant to the provisions of 1929 Comp., § 35-4402. Upon objection being made the district attorney asked and was granted leave to endorse the name of the witness on the information. This was done over defendant's objection. When the question first arose the trial judge inquired in what manner the defendant would be prejudiced by permitting the witness to testify, "insofar as the element of surprise or inability to make proper defense was concerned."

In response to this inquiry, the defendant's attorney did not claim surprise. The only possible prejudice asserted was that the state might be able to prove something by this witness that it could not prove by any other witness whose name was en-

dorsed on the information. Unfortunately for the defendant this is not the kind of prejudice contemplated in the showing required to warrant the court in excluding the witness or continuing the case to enable a defendant to meet the testimony of the proffered witness under a statute like that here invoked. State v. Rucker, 22 N.M. 275, 161 P. 337, and State v. Alarid, 40 N.M. 450, 62 P.2d 817.

■ However, the statute invoked by defendant, 1929 Comp., § 35-4402, was not in effect and governing at the time the offense on trial was committed nor at the time of the trial. As a statute relating to pleading, practice and procedure in district courts, it existed as a rule of court from and after the effective date of Laws 1933, c. 84 (June 12, 1933), by virtue of District Court Rule 1 until July 1, 1934. It then ceased to exist as a rule by reason of the employment of its section number (see District Court Rule 2) for the promulgation of another District Court Rule. Incidentally, this rule did not relate to the same subject as the superseded rule. On the same date, however, July 1, 1934, another District Court Rule, No. 35-4452, dealing with the subject of old rule 35-4402, went into effect. It is this rule which now is and at all times material to this case was in effect and controlling upon the rights of the parties. It reads: "(35-4452) Names of witnesses to be endorsed on indictment or information. When an indictment or information is filed, the names of all the witnesses or deponents on whose evidence the indictment or in-

formation was based shall be endorsed thereon before it is presented, and the district attorney shall endorse on the indictment or information, at such time as the court may by rule or otherwise prescribe the names of such other witnesses as he purposes to call. A failure to so endorse the said names shall not affect the validity or insufficiency of the indictment or information, but the court in which the indictment or information was filed, shall, upon application of the defendant, direct the names of such witnesses to be endorsed. No continuance shall be allowed because of the failure to endorse any of the said names unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice. (Effective July 1, 1934)."

■ It is to be seen that by express language of this rule, no continuance is to be granted because of the failure to endorse names of witnesses on the indictment or information unless application therefor "was made at the earliest possible opportunity *and then only if a continuance is necessary in the interest of justice.*" (Emphasis ours.) The rule is of similar import to the statutes involved in State v. Rucker and State v. Alarid, supra. Those statutes were held directory in character and the language of this rule lends itself even more readily to the same construction. Not being mandatory, the trial court, within its discretion, could permit the name of the witness to be added and receive his testimony. We see no abuse of the trial court's discretion

in this matter. Moreover, the record does not disclose that the defendant made timely or any application to the court to rule the District Attorney to endorse upon the information the names of witnesses he purposed to call.

It is next claimed the trial court erred in permitting the witness, Strong, whose name was added to the information, to testify concerning the identity of the deceased. This objection arises out of the following proceeding at the trial, to-wit:

"Q. Do you know the name of the person that was deceased? A. It was John Brown.

"Mr. Nohl: I object, if your Honor please. He has laid no proper foundation.

"The Court: He can answer the question as to whether he knows.

"Mr. Williams: (To Witness) Did you know his name? A. It was John W. Brown.

"Q. How did you find the name of the deceased person? A. It was on his Social Security card, on his person; and, by the identification of an adopted daughter, who lives in Gallup.

"Mr. Nohl: I object to that last. It is purely hearsay.

"The Court: (To Witness) You stated that part of the identification was by a Social Security card? A. Yes.

"The Court: You mean that was found among his personal effects on his person? A. Yes.

"The Court: That part of the answer will be allowed to stand; that portion of the answer as to identification by an adopted daughter will be ordered stricken, and the Jury instructed to disregard it.

"Mr. Williams: That's all.

"Mr. Nohl: No questions

"The Court: (To Witness) Did you handle the funeral of this person? A. Yes.

"The Court: Did you make out reports of the burial? A. Yes.

"The Court: Under what name was this individual buried? A. Under the name of John W. Brown.

"The Court: Was this a colored person you are talking about? A. Yes."

■ It may be noted that the witness is the mortician who took charge of the body of deceased, prepared it for burial and conducted the funeral. The defendant bases his argument on the assumption that his objection to the testimony as hearsay goes to the entire answer of the witness. The trial court did not so understand and defendant's attorney acquiesced in the interpretation thus given it. The present effort to apply the objection to the whole answer is based on a statement in the record of the assistant district attorney that Police Officer Norfleet removed the Social Security Card from the body of deceased. Hence, argues the defendant, any information touching its contents or the fact that Officer Norfleet did remove the card from deceased's body, of necessity, must have been

received by way of hearsay from this officer.

It is in this circuitous fashion that it is sought to convert into hearsay, testimony which on its face does not appear to be such. It seems certain counsel did not at the time consider as hearsay the first part of the witness' answer. Otherwise, he would have directed his objection to the entire answer instead only of directing it to "that last", which obviously was hearsay. But, if we consider the objection as going to the first part of the answer, too, the court correctly overruled it. The answer does not appear on its face to be hearsay and defendant did not pursue the cross-examination far enough to prove it such, if it was. For aught that appears, the witness may have stood beside Officer Norfleet as the latter removed the Social Security Card from deceased's body and have observed with his own eyes the name inscribed on it.

The third error charged to the trial court is in its holding that the corpus delicti was established. It is in a round about way that defendant arrives at the conclusion this essential to a conviction of any crime was not established. Proof of the corpus delicti is wanting because of failure to identify the deceased, according to the defendant. His argument runs thus: "The means employed by the State to identify the deceased was to name that person as 'John Brown'. The State was under no obligation to allege the victim's name. The Information would have been just as effective had it read:

'The said Eugene Grice, Jr. did murder a man whose name is unknown', or 'the said Eugene Grice, Jr. did murder a person whose name is believed to be John Brown'. But once the State elected to unequivocally state that the deceased's name was 'John Brown', it was bound to prove beyond a reasonable doubt as part of the corpus delicti that such was the victim's name."

■ Assuming then, without deciding, that the state is here held to proof of the name of the deceased as laid in the indictment or information in order to establish the corpus delicti (Cf. District Court Rule 35-4421, subsections 1 and 5), we think there was evidence enough before the jury to establish, prima facie, at least, the name of deceased as "John Brown" as alleged in the information. A part of it already has been recited, viz., deceased's name on the Social Security Card and evidence that the body was buried under that name. The defendant himself while professing ignorance of deceased's name in the statement or so-called confession which he signed, was willing, nevertheless to subscribe it captioned as giving the details of the fatal shooting of "John Brown". The trial court committed no error in admitting in evidence the defendant's signed statement as against any objection made to it at the time of its admission nor in refusing to direct a verdict for defendant on the ground that name of deceased had not been sufficiently established.

■ Finally, it is said the trial court erred in submitting first degree murder to

the jury, the contention being that there was no showing of the elements of this degree of murder, particularly that of deliberation. Assuming that the defendant has properly reserved this matter for review, concerning which there is some doubt, an examination of the evidence satisfies us that the trial court did not commit error in submitting first degree murder to the jury.

Finding no error, the judgment will be affirmed, and it is so ordered.

MABRY, BICKLEY, and BRICE, JJ., concur.

ZINN, C. J., being absent, did not participate.